# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| DAVID NIEDERST, | ) CASE NO.: 1:23-cv-00117-CEF |
| Plaintiff | ) |
| | ) JUDGE CHARLES ESQUE FLEMING |
| vs. | ) |
| | ) |
| MINUTEMEN CAPITAL, LLC, *et al.* | ) **MOTION OF DEFENDANT BRENT LESLIE TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** |

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), Defendant, Brent Leslie ("Mr. Leslie"), by and through counsel, hereby moves this Court for an order granting this Defendant additional time to respond to Plaintiff's Complaint. The undersigned counsel has only recently been retained to represent this Defendant and Mr. Leslie has not previously sought an extension. Moreover, Mr. Leslie only seeks to be included withing the same timeframe to respond to the Complaint as the other party Defendants have already requested---through and including Monday, April 10, 2023.

The reasons for this motion are more fully set forth in the attached Memorandum in Support.

                                                                                                      Respectfully submitted,

                                                                    */s/ Jeffrey A. Crossman*
Marc Dann (0039425)
Jeffrey A. Crossman (0073461)
DANN LAW
15000 Madison Avenue
Telephone: (216) 373-0537
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAVID NIEDERST, ) | CASE NO.: 1:23-cv-00117-CEF |
| Plaintiff ) | |
| ) | JUDGE CHARLES ESQUE FLEMING |
| vs. ) | |
| ) | **MEMORANDUM IN SUPPORT OF DEFENDANT BRENT LESLIE'S MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** |
| MINUTEMEN CAPITAL, LLC, *et al.* ) | |

Plaintiff, David Niederst ("Niederst") filed his Complaint in this case on January 22, 2023 seeking damages from thirteen separate Defendants resulting from his dissatisfaction over the publication of a Youtube video online in which he is prominently featured. Although Plaintiff's Complaint primarily addresses conduct by Defendant Jon Heavey and his company Minutemen Capital, LLC ("Minutemen Capital"), Plaintiff included ten other individuals claiming they too are responsible for Niederst's appearance in the subject Youtube video.

Promptly after receiving service of the Complaint on January 28th, Mr. Leslie, one of the individuals named in the complaint as a Defendant in this case, contacted legal counsel for the limited purpose of assisting him in obtaining a dismissal from this case since, according to Mr. Leslie, he knew nothing about the subject Youtube video and was not related in any way to Minutemen Capital as the Complaint alleges.

1

For several weeks afterward, Mr. Leslie's counsel at that time communicated with Plaintiff's counsel in an effort to have Mr. Leslie dismissed from the case and believed in good faith that Plaintiff' counsel might actually agree that Mr. Leslie is not a proper party to this case. In fact, Plaintiff's counsel represented to Mr. Leslie's counsel that "If you are willing to make a full disclosure at this point (in writing), we will evaluate your (dismissal) request in good faith." **See Exhibit A**.  Mr. Leslie then provided an affidavit attesting to the fact that Mr. Leslie has no relationship with Defendant Minuteman Capital and had nothing to do with the Youtube video that so upset Niederst.  **See Exhibit B**.  As a result, Mr. Leslie made every effort to provide information to Plaintiff's counsel supporting the notion that Mr. Leslie is not a proper party to the case.

Nevertheless, to date, Plaintiff has refused to dismiss Mr. Leslie and he must now formally respond to the Plaintiff's Complaint. However, during this period of discussion with Plaintiff's counsel, during which Mr. Leslie had every reasonable belief to think he would be dismissed, Mr. Leslie's initial twenty-one days to respond to the Complaint expired.  Therefore, Mr. Leslie now moves this honorable Court for an Order allowing him additional time to respond to Plaintiff's Complaint.  Mr. Leslie only seeks to be included with the Defendants who have already moved this Court for an order permitting a response on or before April 10, 2023.

Rule 6(b)(1)(B) authorizes courts to accept late filings where the failure to timely file is the result of "excusable neglect." Fed.R.Civ.P. 6(b).  In  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380 (1993), the Supreme Court directed an equitable approach "taking into account all relevant circumstances surrounding the party's omission." Id. at p. 395. Factors that should be considered include the danger of prejudice, the reason for the delay, whether the delay was in the reasonable control of the movant, the length of the delay and its potential impact on judicial proceedings, and, whether the movant acted in good faith. Id.  Where equitable factors

weigh in favor of extending time to respond and the delay is early in the case so as not to prejudice the Plaintiff, an extension is warranted. Precinct, Inc. v. MWS, LLC Case No. 4:13CV2391 SNLJ, at *1 (E.D. Mo. Jul. 28, 2014).  Defendant Leslie's delay in responding to the complaint was the result of his good faith effort to resolve this matter without the need for litigation.

As the attachment to this filing demonstrates, Mr. Leslie promptly responded to Plaintiff's Complaint by seeking counsel and making every effort to resolve Plaintiff's erroneous inclusion of him in this matter.  Mr. Leslie even provided an affidavit attesting to his lack of involvement in the subject matter Youtube video and worked in good faith to provide information to Plaintiff supporting his dismissal.  Therefore, Mr. Leslie did not shirk any responsibility to respond to the complaint and believed at the time that he was doing what needed to be done to satisfy Plaintiff and fully resolve his involvement in this matter.  When his effort to secure his dismissal failed, he promptly sought replacement legal counsel to handle the litigation and engaged the undersigned firm to represent him in this matter along with the other Defendants.  Plaintiff will not be prejudiced by Mr. Leslie's request if he's included among the remaining defendants.  There are still other Defendants who have yet to be served with the Complaint and the relief requested with this motion, should the Court grant it, will not prevent this matter from moving forward expeditiously.

Therefore, for the foregoing reasons, the undersigned respectfully requests that this instant motion be granted and Mr. Leslie be provided additional time, through and including April 10, 2023 to file a response to Plaintiff's Complaint.

                Respectfully submitted,

                  /s/ *Jeffrey A. Crossman*
                Marc Dann (0039425)
                Jeffrey A. Crossman (0073461)

DANN LAW
15000 Madison Avenue
Telephone: (216) 373-0537
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

    */s/ Jeffrey A. Crossman*
Jeffrey A. Crossman (0073461)