**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID NIEDERST, | ) | CASE NO. 1:23-cv-00117 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| MINUTEMEN CAPITAL, LLC et al., | ) | **OPINION** |
| | ) | |
| Defendant(s). | ) | |

Pending before the court is Defendants Jonathan D. Heavey ("Heavey") and Minutemen Capital, LLC's ("Minutemen") (collectively "Defendants") Motion to Dismiss (ECF No. 61). For the following reasons, the Motion is DENIED.

Plaintiff David Niederst ("Plaintiff") filed his Complaint (ECF No. 1) on January 22, 2023. On February 17, 2023, Defendants moved for leave to answer or otherwise respond to the Complaint until March 20, 2023. (ECF No. 12). On February 21, 2023, this Court issued an order requiring Plaintiff to respond to the motion for leave and indicate whether he opposed the motion. On February 27, 2023, Plaintiff responded with no objection (ECF No. 15); on February 28, 2023, this Court granted the motion.

On March 16, 2023, Defendants moved for an extension to respond to the Complaint, until April 10, 2023, due to the illness of Defense Attorney David L. Marburger ("Marburger"). (ECF No. 25). Because the motion for extension did not indicate whether Plaintiff had any opposition, this Court issued an order requiring Plaintiff to respond to Defendants' motion for extension by March 24, 2023. On March 24, 2023, Plaintiff opposed Defendant's motion for extension on the basis that 1) Marburger had only appeared on behalf of Heavey and Minutemen, but the motion was filed on behalf of all named Defendants and his illness should not affect their response and 2)

1

a second extension would further damage Plaintiff's reputation. (ECF No. 34). Defendants replied (ECF No. 37) and this Court granted the motion for extension for good cause shown.

On April 11, 2023, Defendants filed their first motion to dismiss, one day after the extended deadline (ECF No. 41) and moved the Court to accept their filing in substantial compliance with the deadline; they noted that it was filed four minutes after midnight on April 11, 2023 and the deadline fell on Easter Sunday (ECF No. 44). The Court granted the motion to accept the filing for good cause shown. Plaintiff amended his Complaint on May 1, 2023. (ECF No. 46).

On May 10, 2023, Defendants moved for an extension, until May 31, 2023, to respond to the Amended Complaint. (ECF No. 49). On May 12, 2023, the Court ordered Plaintiff to respond to the motion by May 18, 2023 because, once again, Defendants' motion failed to indicate whether there was any opposition. On May 16, 2023, Plaintiff responded to the motion with no objection (ECF No. 52) and the Court granted the motion. On May 29, 2023, Defendants moved for another extension until June 7, 2023 (ECF No. 56). The Court granted this motion, as it was unopposed. On June 6, 2023, the day before the extended deadline, Defendants moved the court for leave to exceed the page limitations for a motion to dismiss (ECF No. 58). The Court granted that motion. On June 7, 2023, the date Defendants' motion to dismiss was due, they filed yet another motion for extension requesting until the next day, June 8, 2023, to file it. (ECF No. 59). The motion did not indicate whether Plaintiff had any opposition. (*Id.*). On June 8, 2023, the Court denied the motion for extension. Shortly thereafter, Defendants filed their Motion to Dismiss without leave of this Court. (ECF No. 61).

In the motion for extension, Defendants stated that an extension was necessary because near completion, Marburger realized that he would have to work past midnight to finish the motion to dismiss. (ECF No. 59 at PageID #454). Moreover, they did not consult with Plaintiff due to

2

the lateness of the hour. (*Id.*). First, Defendants filed the motion for extension at the last minute, depriving Plaintiff of any opportunity to put forth opposition prior to the date requested for the extension. Second, the reason for the delay is unmoving. Defendants knew the deadline, because they chose it, and did not ensure their compliance with it. Third, Defendants filed the motion for extension at such a time when not only would the Plaintiff be prevented from timely responding, but the Court would not receive or respond to it until the requested date of extension. The Court denied the motion because of these concerns. The Court also informed counsel that any future filing that is done in this fashion will result in an order requiring counsel to show cause why he should not be held in contempt.

Defendants ignored the Court's order and filed their motion to dismiss anyway, without requesting leave of this Court. The Court finds that Defendant's untimely filing constitutes "neglect". *Burnley v. Bosch Americas Corp.*, 75 Fed.Appx. 329, 333 (6th Cir. 2003) ("The courts have defined 'neglect' to include 'late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control."); *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 386 (6th Cir.2001) (quoting *Pioneer Invest. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Moreover, the Court finds that this neglect is inexcusable.[1] "Courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: '(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith.'" *Burnley*, 75 Fed.Appx. at 333; (citing *Pioneer,* 507 U.S. at 395.).

Given the untimely filing of both the Motion to Dismiss and the prior motion for extension

---

[1] On motion…the court may relieve a party or its legal representative from a[n]…order…for…excusable neglect. Fed. R. Civ. P. 60(b)(1).

of time, and the Court's ruling on the latter, allowing Defendants to proceed with the motion presents a danger of prejudice to Plaintiff; this is especially true since Defendants filed the request for extension in such a manner that Plaintiff could not file a response until the requested extension date. Allowing this would be patently unfair to Plaintiff, and this Court will not countenance such a result. While the delay is not long, it is unreasonable given the procedural history of this case and the nature of Defendants' actions in causing it. Defendants are well aware that the Court requires some indication as to whether the nonmoving party opposes a motion for extension; they have filed several before which were silent on this issue, and the Court consistently ordered Plaintiff to respond accordingly. As previously stated, this is also not the first time that Defendants have filed an untimely motion. (*See* ECF No. 44).

Based on the totality of circumstances, the Court finds that Defendants did not act in good faith in their untimely filing of the motion to dismiss, nor in their last-minute, middle-of-the-night motion for extension. Denying the motion to dismiss ultimately has no negative impact on the judicial proceedings; Defendants may advance any arguments in their motion to dismiss in a later motion for summary judgment (to the extent they can show that there are no genuine issues of material fact). To the extent that Defendants might argue that this Order will negatively impact these proceedings, they should have thought about that before conducting themselves as outlined in this Order. Deadlines are set for a reason and this Court takes them very seriously, as it should. If one party's handling of deadlines is unfair and disadvantageous to another, this Court will not tolerate it. That is the situation the Court finds itself in here.

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss (ECF No. 61).

4

IT IS SO ORDERED.

Date: June 9, 2023

                                                   _____
                                                   **CHARLES E. FLEMING**
                                                   **UNITED STATES DISTRICT JUDGE**