IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID NIEDERST, | Case No. 1:23-CV-117 |
| Plaintiff, | Judge Fleming |
| v. | Motion of David Marburger, counsel for defendants Heavey and Minuteman Capital LLC, to be heard with respect to the Court's Opinion (ECF 63) |
| MINUTEMAN CAPITAL, LLC, et. al., | |
| Defendants. | |

David Marburger, counsel to defendants Heavey and Minuteman Capital LLC, hereby moves the Court to be heard with respect to the Court's Opinion issued today (ECF 63). Marburger seeks to explain through this motion, the accompanying affirming declaration (**Exhibit 2** to this motion ), or a live hearing what happened. There are circumstances about which the Court is unaware.

The record before the Court plainly looks as though counsel ignored the Court's order of yesterday morning (ECF 60-1)— filed the motion to dismiss the amended complaint despite knowing that the Court already had denied leave to do so two hours earlier. (ECF 61, 62.) This motion seeks to provide information that, Marburger hopes, will cause the Court to reach a different conclusion.

Marburger is in his 40th year of practice in federal and state court with a strong and unblemished reputation. Until now, Marburger has never been accused of acting in bad faith or threatened with contempt of court—by opposing counsel or a judge.

Most of the body of this motion was prepared and poised to be filed yesterday (Thursday, June 8). But, as this memorandum explains, there are reasons why it was not.

First, when Marburger filed the motion to dismiss the amended complaint at about 10:30 yesterday morning (Thursday, June 8), he did not realize that the Court already had denied leave to file it. To finish the papers without the distraction of emails, Marburger had turned off Microsoft Outlook. Because his assistant also had worked past midnight, Marburger was alone in the office when the Court issued its denial of leave at about 8:40 a.m. Had Marburger known of the Court's decision, he would *not* have proceeded to file the motion without the Court's advance permission.

Second, Marburger deeply apologizes for his literally 11th hour request at about 11:51 the night before (Wednesday, June 7) to move the midnight deadline until the next morning. Counsel recognized the problems with the lateness of filing the motion to move the deadline till the next morning, but the alternative of waiting until after the deadline seemed worse.

The limited explanation in the last-minute request for permission to file the papers the next morning accurately reflected the immediate circumstances, but did not explain what pushed the project to that point. This memorandum explains those circumstances.

After working throughout Memorial Day weekend on the moving papers, and after the Court had granted counsel's motion to set a new deadline of Wednesday, June 7,

counsel received alarming news. Funds of counsel of a large sum, wired by his bank on May 15 to a reputable business, were missing. Solid evidence of fraud began to unravel on Wednesday May 31.

The wired funds are gone. Last week, the undersigned was interviewed by police, the FBI, had hours-long meetings with officials of PNC Bank, and had to marshal a plethora of email correspondence and attachments comprising evidence of the fraud.

This distressing situation repeatedly interfered with counsel's time and attention, as did inquiries from lobbyists and legislators of Ohio's General Assembly about legislation that counsel drafted that is likely to be enacted within days. Cogent thought and drafting analytical argument could not proceed uninterrupted.

All of that pushed the project up to, and beyond, the near-midnight deadline of Wednesday, June 7. Still, despite the time stolen by those unexpected disruptions, counsel pressed to comply with the deadline believing that he would comply, and managed to file complete papers on Thursday morning, June 8, as promised in the last-minute motion for leave.

After counsel discovered that he had filed the motion to dismiss *after* the Court had denied the motion for leave, all defense counsel conferred. The crux of this memorandum was drafted to be filed yesterday (Thursday, June 8), but this memorandum included a request for leave to accept the filed motion to dismiss because of these circumstances.

But we did not advise the Court of these circumstances yesterday because defense counsel strived repeatedly that day, without success, to learn from the attorneys for the

plaintiff whether they would consent or object to the request that the Court accept the motion to dismiss as filed.

Beginning at about 11:30 that morning (Thursday, June 8), co-counsel Marc Dann sent emails and left voice messages asking two of the attorneys of record for plaintiff to express consent or objection to the defendants' proposed request.

Neither attorney responded that day or that night. So, defense counsel decided to postpone filing anything to afford plaintiff's attorneys more time to weigh in. No attorney responded until about noon today—after the Court found that Marburger acted in bad faith (ECF 63). Plaintiff's counsel then advised "no consent." (**Exhibit 1** to this motion.)

Marburger acknowledges the importance of both filing motions for extensions in a timely manner, and doing so only after conferring with opposing counsel. Counsel apologizes for failing to do those things.

Counsel asks the Court to reconsider its finding of bad faith, accept counsel's apology, and to allow counsel to press a "restart" button with the Court.

Moreover, the amended complaint is genuinely susceptible to dismissal, and the moving papers are completed. Counsel asks whether the Court would entertain allowing the refiling of exactly the same motion to dismiss at a date set by the Court, thus ensuring ample time for the plaintiff to argue against dismissal.

Respectfully submitted,

*/s/ David Marburger*
David Marburger (0025747)
Marburger Law LLC
14700 Detroit Avenue, Suite One
Cleveland, Ohio 44107
T: 216.930.0500
E: david@marburger-law.com

*Counsel for Jonathan D. Heavey &*
*Minuteman Capital, LLC*

## CERTIFICATE OF SERVICE

On June 9, 2023, the undersigned counsel served a copy of the foregoing motion upon counsel for the plaintiff and other defendants via the court's electronic filing system:

Jon J. Pinney
Kohrman Jackson & Krantz LLP
One Cleveland Center, 29th Floor
1375 East 9th St.
Cleveland, OH 44114-1793
jjp@kjk.com

Jay E. Krasovec
Kohrman Jackson & Krantz LLP
One Cleveland Center, 29th Floor
1375 East 9th St.
Cleveland, OH 44114-1793
jek@kjk.com

Marc Dann
Dann Law Firm
15000 Madison Ave.
Cleveland, OH 44107
mdann@dannlaw.com

Michael T. Layden
Croke Fairchild Duarte & Beres, LLC
191 N. Wacker Dr., 31st Fl.
Chicago, IL 60606
mlayden@crokefairchild.com

*/s/ David Marburger*
David Marburger