# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID NIEDERST,** | ) | **CASE NO. 1:23-CV-00117** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE CHARLES ESQUE FLEMING** |
| v. | ) | |
| | ) | |
| **MINUTEMAN CAPITAL, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## PLAINTIFF DAVID NIEDERST'S OPPOSITION TO DEFENDANTS MINUTEMAN CAPITAL, LLC AND JONATHAN HEAVEY'S MOTION FOR JUDGMENT ON THE PLEADINGS

---

Plaintiff David Niederst ("***Plaintiff***" or "***Niederst***") respectfully requests that this Court deny the Motion for Judgment on the Pleadings (ECF ## 69, 70) (the "***Motion***") of Defendants Minuteman Capital, LLC ("***Minuteman***") and Jonathan Heavey ("***Heavey***") (together, the "***Movants***"). Put simply, Plaintiff's First Amended Complaint (ECF # 48) (the "***Complaint***") sets forth plausible claims for relief, and when reading the Complaint in conjunction with Movants' Answer (ECF # 67), issues of fact remain that require discovery.

In particular, Heavey and Minuteman, with the other Defendants, engaged in a pattern of harassment against Plaintiff that involved considerable, unscrupulous research into Plaintiff's professional and personal life. Beyond setting off fireworks and creating the Video, the Letter, and the Private Forum Posts, many factual questions remain as to the extent of the content meant to harass Plaintiff and tarnish his reputation. As a result, the Court should deny the Motion because:

- Movants harassed and disparaged Plaintiff, which spurred this litigation;

- Plaintiff then timely brought his claims against Movants; and

- The First Amendment does not protect Movants' conduct.

Accordingly, for the reasons set forth more fully below, Plaintiff has alleged plausible claims for relief against Movants, which requires the Court to deny the Motion.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JAY E. KRASOVEC (0069787)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jek@kjk.com; kds@kjk.com

*Counsel for Plaintiff David Niederst*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

BRIEF IN OPPOSITION ........................................................................................... 2

   I.   HEAVEY AND MINUTEMAN ADMIT TO HARASSING PLAINTIFF ............................... 2

      *A.*   *Heavey Sets Off Fireworks, is Issued an Arrest Warrant, and Publishes the Video.* ....... 3

      *B.*   *Heavey Conceals His Harassment of Plaintiff, which is Later Revealed.* ...................... 5

   II.   LAW & ARGUMENT ............................................................................................ 6

      *A.*   *Legal Standard for a Rule 12(c) Motion.* ........................................................... 7

      *B.*   *The Private Forum Posts Extend the Statute of Limitations for Defamation.* ................. 7

      *C.*   *Florida's Two-Year Statute of Limitations Should Apply to the Video and the Letter.* 10

      *D.*   *The Court May Transfer the Litigation to the Middle District of Florida.* ............. 12

      *E.*   *Plaintiff's Claims for Intentional Infliction of Emotional Distress, Tortious Interference, and Civil Harassment are Not Barred by the Statute of Limitations.* .................................... 14

      *F.*   *Plaintiff's Other Claims Were Asserted Within the Allotted Time.* ............................... 15

      *G.*   *Many Factual Issues are in Dispute or Unknown Necessitating Discovery.* ............. 17

      *H.*   *The First Amendment Does Not Protect The Video, The Letter, Or The Private Forum Posts.* .........................................................................................................18

   III.   CONCLUSION ................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A&B-Abell Elev. Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1283 (1995) .................................................................................................. 18

*A.A. v. Ostego Local Schs. Bd. of Educ.,* Case No. 3:15-cv-1747, 2016 U.S. Dist. LEXIS 176621 (N.D. Ohio Dec. 21, 206) ......................................................................................... 15

*Allen v. Ortez*, 802 P.2d 1307 (Utah 1990) ........................................................................... 8

*Arkona, LLC v. Cty. of Cheboygan,* No. 19-cv-12372, 2020 U.S. Dist. LEXIS 4250 (E.D. Mich. Jan. 10, 2020) .............................................................................................................. 9

*Bigelow v. Brumley*, 138 Ohio St. 574, 37 N.E.2d 584 (1941) ............................................ 19

*Boyd v. Am. Fin. Sec. Life Insurancy Co.,* Case No. 5:20-cv-02294, 2021 U.S. Dist. LEXIS 9517 (N.D. Ohio Jan. 19, 2021) ....................................................................................... 6, 16

*Brack v. Budish*, 539 F. Supp. 3d 794 (N.D. Ohio 2021) ..................................................... 14

*Bussberg v. Fed. Ret. Thrift Inv. Bd.*, 954 F. Supp. 2d 717 (S.D. Ohio 2013) ..................... 8

*Campfield v. Safelite Group, Inc.*, No. 2:15-CV-2733, 2019 U.S. Dist. LEXIS 210390 (S.D. Ohio Mar. 28, 2019) ................................................................................................ 14, 15

*Chaplinsky v. N.H.,* 315 U.S. 568 (1942) ............................................................................. 17

*Clark v. AiResearch Mfg. Co.,* 138 Ariz. 240, 673 P.2d 984 (Ariz. App. 1983) .................. 7

*Clark v. Viacom Int'l, Inc.,* 671 Fed. Appx. 495 (6th Cir. 2014) ......................................... 17

*Cohen v. Calif.*, 403 U.S. 15 (1971) ..................................................................................... 18

*Digital Design Group, Inc. v. Information Builders, Inc.*, 2001 OK 21, 24 P.3d 834 (Okla. 2001) ................................................................................................................................... 8

*Dipillo v. Cashen*, 6th Dist. Wood, No. WD-83-23, 1983 Ohio App. LEXIS 11595 (Aug. 12, 1983) .................................................................................................................................... 7

*Draudt v. Wooster City Sch. Dist.*, 246 F. Supp 2d 820 (N.D. Ohio 2003) ..................... 5, 17

*Dudek v. Thomas & Thomas Attys. & Counselors at Law, LLC,* 702 F. Supp. 2d 826 (N.D. Ohio Mar. 22, 2010) .......................................................................................................... 6, 9

*Edwards v. Meisner¸* Case No. 19-cv-10047, 2020 U.S. Dist. LEXIS 112223 (E.D. Mich. June 26, 2020) ............................................................................................................................. 8

*Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739 (S.D. Ohio 2020) ............. 14

*Fox v. Cty. of Saginaw,* No. 19-cv-11887, 2020 U.S. Dist. LEXIS 6503 (E.D. Mich. Jan. 10, 2020) .................................................................................................................................... 9

*Garceau v. City of Flint*, 572 Fed. Appx. 369 (6th Cir. 2014) ............................................. 6

*Gentile v. City of Solon*, Case No. 1:12CV1657, 2013 U.S. Dist. LEXIS 3408 (N.D. Ohio Jan. 9, 2013) ................................................................................................................................. 13

*Grover v. BMW of N. Am., LLC,* 434 F. Supp. 3d 617 (N.D. Ohio Jan. 21, 2020) ............. 16

*Hambleton v. R.G. Barry Corp.,* 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298 (1984) .......... 13

*Harris v. Cunix*, 10th Dist. Franklin, 2022-Ohio-839, 187 N.E. 582 ................................... 14

*House v. Players' Dugout, Inc.,* Case No. 3:16-cv-00594, 2022 U.S. Dist. LEXIS 151136 (W.D. Ky. Aug. 22, 2022).............................................................................................................. 13

*Hustler Magazine, Inc. v. Falwell,*485 U.S. 46 (1988)............................................................... 18

*Johnson v. Meisner,* Case No. 19-cv-11569, 2020 U.S. Dist. LEXIS 94713 (E.D. Mich. May 31, 2020)........................................................................................................................................ 8

*Kaminski v. Coulter,* 865 F.3d 339 (6th Cir. 2017) ..................................................................... 6

*Kelley v. Rinkle,*532  S.W.2d 947 (Tx. 1976) ............................................................................. 7

*Kittinger v. Boeing Co.,* 21 Wn. App. 484, 585 P.2d 812 (Wash. App. 1978).............................. 7

*Leedom v. Bell,* Ten. App. No. 03A01-9704-CV-00136, 1997 Tenn. App. LEXIS 742 (Oct. 29, 1997)........................................................................................................................................ 8

*Limor v. Weinstein & Sutton,* 161 B.R. 953 (M.D. Tenn. 1993) ................................................. 9

*Love v. Port Clinton,* 37 Ohio St. 3d 98, 524 N.E.2d 166 (1988) ............................................. 13

*Lutz v. Chesapeake Appalachia, LLC,* 717 F.3d 459 (6th Cir. 2012)........................................ 16

*Manguso v. Oceanside Unified School Dist.,* 88 Cal. App. 3d 725, 152 Cal. Rptr. 27 (Cal. App. 1979)........................................................................................................................................ 7

*Martin v. Stokes,* 623 F.2d 469 (6th Cir. 1980) ........................................................................ 12

*McNeil v. Mt. Carmel Health Sys.,* No. 2:20-cv-258, 2021 WL 1022877 (S.D. Ohio March 17, 2021)...................................................................................................................................... 19

*Miami Valley Mobile Health Servs. v. ExamOne Worldwide, Inc,* 852 F. Supp. 2d 925 (S.D. Ohio 2012)........................................................................................................................................ 9

*Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 110 S. Ct. 2695, 111 L. Ed. 2d 1 (1990) ............. 17

*Morgan v. Biro MFG Co.,* 15 Ohio St. 3d 339, 474 N.E.2d 286 (Ohio 1984) ............................ 10

*Morgan v. Royal Manufactured Homes, LLC,* Case No. 06-71420, 2011 Bankr. LEXIS 3308 (N.D. Al. Aug. 18, 2011)............................................................................................................ 9

*O'Stricker v. Jim Walter Corp.,* 4 Ohio St. 3d 84, 447 N.E.2d 727 (1983)................................. 7

*Padon v. Sears,* 186 W.Va. 102, 411 S.E.2d 245 (W.Va. App.1991) .......................................... 8

*Progressive Country Mut. Ins. Co. v. Goodyear Ture & Rubber Co.,* 552 F. Supp. 3d 724 (N.D. Ohio 2021)........................................................................................................................... 9, 10

*Reilly v. Vadlamudi,* 680 F.3d 617 (6th Cir. 2012)..................................................................... 6

*Sears, Roebuck & Co. v. Ulman,* 287 Md. 397, 412 A.2d 1240 (Md. App. 1980)....................... 7

*Sinclair v. Meisner,* No. 18-cv-14042, 2020 U.S. Dist. LEXIS 41105 (E.D. Mich. Mar. 10, 2020) ............................................................................................................................................... 9

*Snyder v. Phelps,* 562 U.S. 443 (2011).................................................................................... 18

*Staheli v. Smith,* 548 So. 2d 1299 (Miss. 1989)......................................................................... 8

*Stehle v. Venture Logistics, LLC,* No. 3:19-CV-169, 2020 U.S. Dist. LEXIS 4320 (S.D. Ohio Jan. 10, 2020).............................................................................................................................. 11, 12

*Stuart v. Lowe's Home Ctrs., LLC,* 737 Fed. Appx. 278 (6th Cir. 2018)..................................... 6

*Tinney v. Richland County,* Case No. 1:14-cv-703, 2015 U.S. Dist. LEXIS 16266 (N.D. Ohio Feb. 10, 2005).............................................................................................................................. 16

*Tom Olesker's Exciting World of Fasion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill. 2d 129, 334
N.E.2d 160 (Ill. 1975) ................................................................................................. 7

*United States v. Carell,* 681 F. Supp. 2d 874 (M.D. Tenn. Oct. 13, 2009)..................................... 16

*Vail v. Plain Dealer Pub. Co.*, 72 Ohio St.3d 279, 649 N.E.2d 182 (1995) ................................ 18

*Wallave Hardware Co v. Abrams*, 223 F.3d 382 (6th Cir. 2000) ..................................... 9

*Weidman v. Hildebrandt*, 12th Dist. Warren No. CA2021-09-084, 2022-Ohio-1708 .................. 7

*White v. Gurnsey*, 48 Ore. App. 931, 618 P.2d 975 (Ore. App. 1980) ........................ 7

*Willis v. Wallace*, 597 F. Supp. 2d 737 (N.D. Ohio 2009) ........................ 10

**Statutes**

15 U.S.C. § 1125(a) ...................................................................................................... 14

28 U.S.C. § 1331 .......................................................................................................... 11

28 U.S.C. § 1332 .......................................................................................................... 11

28 U.S.C. § 1391(c) ...................................................................................................... 11

28 U.S.C. § 1406 ................................................................................................ v, vii, 11, 12

28 U.S.C. § 1631 .......................................................................................................... 11

Fed. R. Civ. P. 12(c) ...................................................................................................... 5

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 6

Fla. Stat. 772.103 .......................................................................................................... 14

Fla. Stat. 772.17 ............................................................................................................ 15

Fla. Stat. 95.11 .............................................................................................................. 15

O.R.C. 2307.60 .............................................................................................................. 14

**BRIEF IN OPPOSITION**

## I.    H<small>EAVEY AND</small> M<small>INUTEMAN</small> A<small>DMIT TO</small> H<small>ARASSING</small> P<small>LAINTIFF.</small>

Heavey and Minuteman admitted to harassing Plaintiff with ***at least*** four independent acts: (i) multiple rounds of fireworks; (ii) the YouTube.com video entitled *Fueled By Freedom: Two If By Sea* (the "***Video***"); (iii) the Letter;[1] and (iv) the Private Forum Posts. *See* ECF # 67 at ¶¶ 2-4, 41-42. Beyond what Heavey, Minuteman, and the other Defendants have revealed thus far, Defendants likely concealed additional statements about Plaintiff on Minuteman's private forum or concealed other content, which, in part, establishes Plaintiff's plausible claims for relief and requires denying the Motion. *See, e.g.,* ECF # 48 (the "***Compl.***") at ¶¶ 58, 92-101.

In addition to harassing Plaintiff, the Video doubles as a corporate marketing tool by promoting Minuteman's real estate investment business and alluding to Minuteman and Heavey's '203 Patent. *See, e.g., id.* at ¶¶ 72-76. Minuteman also uses key phrases from the Video in Minuteman's investor materials. *See id.* at ¶¶ 108-09.

Heavey and Minuteman's actions are even more alarming when considering that Plaintiff has never met Heavey, resides in Florida, and has asked—multiple times—that the Video be removed from YouTube. *Id.* at ¶ 37. Despite this, Heavey, Minuteman, and the other Defendants continued harassing Plaintiff on Minuteman's website in its private forum as shown in the Private Forum Posts. *See id.* at Exh. A. Without discovery, Plaintiff has no understanding of the full extent of Defendants' harassment.

---

[1] All capitalized terms not herein defined shall take the meaning as noted in the First Amended Complaint (ECF # 48).

A.    **Heavey Sets Off Fireworks, is Issued an Arrest Warrant, and Publishes the Video.**

As Heavey and Minuteman admit in their Answer (ECF # 67), Heavey began harassing Plaintiff by setting off fireworks near Plaintiff's Ohio property in December 2020. *See* ECF # 67 at ¶ 2. Heavey also admits that he was issued an arrest warrant and pleaded not guilty for setting off these fireworks. *See id.* at ¶¶ 41-42. However, Heavey does not state what he told the Rocky River Police Department or prosecutors in connection with setting off the fireworks, or whether he agreed to any restitution or penalties for illegally setting off fireworks near Plaintiff's Ohio property. Heavey then admits to setting off more fireworks near Niederst's Ohio property in January 2021, as set forth in the Video, despite the arrest warrant. *See* ECF # 67 at ¶ 3.

Heavey then published the Video on Minuteman's YouTube channel, which recounts Heavey's escapades with fireworks at Niederst's Ohio property. In the Video, Heavey is heard comparing Plaintiff to multiple convicted felons related to the January 6, 2021 Capitol Events and implies that Plaintiff associates with "Nazis," "white supremacists," and "proud boys." *See, e.g.,* Compl. at ¶¶ 62, 69. Just after promoting Minuteman's '203 Patent and blockchain scheme, Heavey accuses Plaintiff of cheating on his taxes, committing "mortgage fraud," receiving "socialist handouts and entitlements," filing for hundreds of bankruptcies, and using toxic waste sites for profit. *Id.* at ¶¶ 79-87. Heavey also asks viewers to do business with Minuteman to receive "cash bounties" by "beating" Plaintiff. *Id.* at ¶ 87.

The Video and YouTube channel "identified Minuteman by utilizing Minuteman's name, brand, and logo." Compl. at ¶ 46, Exh. C. The Video also contains numerous deceptive statements related to Minuteman's business, and Heavey admits to being the "sole owner and member of Minuteman and manages the affairs of Minuteman," despite the fact that Minuteman's website

specifically named other Defendants in this action as "Team Members" and "Advisors." ECF # 67 at ¶ 17; *see* Compl. at ¶¶ 18-32, 56-58, 114-16, Exh. B.

The Video was also shared on social media by at least Heavey and potentially certain of the other Defendants, increasing the Video's initial reach. *See* Compl. at ¶ 47. Plaintiff was alerted to the Video after it was published while he was in Florida, where he permanently resides, pays state income taxes, and conducts business. *Id.* at ¶¶ 39, 48. Crucially, the extent of the sharing and publication of the Video on social media platforms is unknown as is any unused footage that Heavey, Minuteman, or the other Defendants may have made but did not include in the Video's final edits. For example, because Heavey and Minuteman used the Video in connection with promoting its real estate investment business and Minuteman's investor materials reference key phrases in the Video, it is unknown whether Minuteman shared the Video to any of its email subscribers, customers, or potential investors. Likewise, it is unknown whether Movants generated any business for Minuteman as a result of harassing and disparaging Plaintiff.

After the Video was released, Plaintiff's counsel sent a letter to each of Defendants, who were publicly listed as Minuteman's Team Members and Advisors at the time the Video was published. *See id.* at ¶¶ 114-16; *see also* ECF # 67-1. In Plaintiff's letter to Defendants, Plaintiff notified Defendants of multiple, independent causes of action including defamation, tortious interference, intentional infliction of emotional distress, negligent misrepresentation, and securities fraud. *See id.* Despite Plaintiff's request that Defendants remove, cease sharing, and

preserve all data related to the Video,[2] Defendants have continued to harass Plaintiff and the full extent of their efforts are unknown, thus warranting discovery. *See, e.g., id.* at Exh. A. Heavey then attempted to disassociate himself from the other Defendants by subsequently renaming the YouTube channel, despite the fact that "the YouTube account still contains promotional videos for Minuteman." Compl. at ¶¶ 50-51.

## B.  Heavey Conceals His Harassment of Plaintiff, which is Later Revealed.

Heavey began posting on Minuteman's private forum, the "Wolfpack," which appears to act as a private meeting space for Heavey and his co-conspirators that Plaintiff does not have any access to whatsoever. Emboldened by the concealed nature of the private forum, Heavey, along with the other Defendants, brainstormed additional ways to harass Plaintiff personally and professionally. *Id.* at ¶ 92, Exh. A. To date, it is unknown what additional steps Defendants have taken to harass Plaintiff and discovery is appropriate and justified.

Within the Private Forum Posts, it appears that Heavey proclaimed that Plaintiff is involved in fraudulent transactions and stated that certain of Plaintiff's loans were fraudulent. *Id.* at ¶¶ 93, 96, Exh. A. Heavey also stated that Plaintiff's businesses are bankrupt in the Private Forum Posts. *Id.* It appears that multiple viewers of the Private Forum Posts voted and interacted with Heavey as to his future plans to harass Plaintiff. However, the extent of Heavey's audience on the forum is unknown just as the full extent of the harassment occurring therein is unknown. *See id.* Crucially, Plaintiff has only recently learned of the Private Forum Posts.

---

[2] It should be noted that despite requesting that Defendants preserve all data related to the Video, the Minuteman website is no longer viewable to the public and the Private Forum Posts appear no longer accessible to the public as well. However, Minuteman's private forum still appears to be gated from public access via a login, which further emphasizes the concealed nature of Defendants' harassment and disparagement of Plaintiff.

Heavey, Minuteman, and the other Defendants intentionally concealed the Private Forum Posts and other messages in the forum.  Plaintiff should be permitted to conduct discovery in order to determine the full extent of the harassment by Defendants. Neither Plaintiff nor anyone else without access could discover the Private Forum Posts until earlier this year.  Sometime between January 23, 2023, and April 28, 2023, Heavey, Minuteman, and/or the other Defendants removed the public's access to the Minuteman website. *See id.* at ¶ 53, fn. 3. However, it is unclear as to what exactly happened that caused the Private Forum Posts to become public. In other words, Movants' attempt to hide their harassment and defamation of Plaintiff resulted in publication to the public of the Private Forum Posts, which state that Plaintiff's businesses are bankrupt and allege that Plaintiff committed fraud. *See id.* at Exh. A.

To seek redress for Heavey and Minuteman's harassment campaign against him—which may include additional attempts to harass and disparage Plaintiff besides setting off fireworks, publishing the Video and the Letter, and concealing the Private Forum Posts—Plaintiff initiated this action and sufficiently pleaded his claims, each of which survive the Motion.

## II.     LAW & ARGUMENT.

The Complaint (ECF # 48) sets forth allegations establishing plausible claims for relief. When considering Movants' Answer in conjunction with Plaintiff's Complaint, multiple issues of material fact exist that prevent the Court from granting the Motion. Indeed, because of the now-public Private Forum Posts, which were discovered by Plaintiff's counsel in April 2023 (*see* Compl. at Exh. A), and consistent harassment, Plaintiff's claims survive Heavey and Minuteman's statute of limitations arguments. Likewise, it is well-settled that the First Amendment does not protect defamatory statements, such as the Video, the Letter, and the Private Forum Posts. *See, e.g., Draudt v. Wooster City Sch. Dist.*, 246 F. Supp 2d 820, 832 (N.D. Ohio 2003). Plaintiff addresses each argument in turn below and requests that the Court deny the Motion as a result.

## A.     <u>Legal Standard for a Rule 12(c) Motion.</u>

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed but early enough so as to not delay trial. *See* Fed. R. Civ. P. 12(c). "The Sixth Circuit applies the same standard to a Rule 12(c) motion for judgment on the pleadings as a motion to dismiss under Rule 12(b)(6)." *Boyd v. Am. Fin. Sec. Life Insurance Co.,* Case No. 5:20-cv-02294, 2021 U.S. Dist. LEXIS 9517, at *4 (N.D. Ohio Jan. 19, 2021) (citing *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012)). "It is well-established that a complaint need not set forth in detail all of the particularities of the plaintiff's claim," and instead Fed. R. Civ. P. 8(a)(2) merely requires a "short and plaint statement of the claim" showing relief. *Dudek v. Thomas & Thomas Attys. & Counselors at Law, LLC,* 702 F. Supp. 2d 826, 831 (N.D. Ohio Mar. 22, 2010); Fed. R. Civ. P. 8(a)(2).

In considering a Rule 12(c) motion, the court must view the complaint in the light most favorable to the plaintiff, accept all allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Stuart v. Lowe's Home Ctrs., LLC*, 737 Fed. Appx. 278, 280 (6th Cir. 2018) (citing *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017). "The Court may consider documents attached to or incorporated in pleadings." *Boyd*, 2021 U.S. Dist. LEXIS 9517, at *4 (internal citation omitted).

Accordingly, a court should deny a motion made under Rule 12(c) where, after drawing all reasonable inferences in favor of the plaintiff, a plausible theory of relief exists. *See Garceau v. City of Flint*, 572 Fed. Appx. 369, 371 (6th Cir. 2014). Indeed, a motion for judgment on the pleadings should be granted when ***no material issue of fact exists***, and the moving party is entitled to judgment as a matter of law." *Boyd,* 2021 U.S. Dist. LEXIS 9517, at *4 (emphasis added).

## B.     <u>The Newly Discovered Private Forum Posts Create Independent Claims.</u>

Movants intentionally concealed the Private Forum Posts so that they, with the other Defendants, could continue to harass and disparage Plaintiff. Discovery is required because Plaintiff has no actual knowledge as to when the Private Forum Posts were published or the extent of the full scheme to continue to harass Plaintiff. Again, Plaintiff only learned of the Private Forum Posts on April 28, 2023. *See* Compl. at ¶ 101. It is clear that Movants are orchestrating an effort to continue to solicit co-conspirators through Minuteman's website. Accordingly, discovery is warranted.

Regardless, the discovery rule applies in circumstances where "defamatory statements are made in secret, concealed, or otherwise inherently unknowable due to the nature of the publication." *Weidman v. Hildebrandt*, 12th Dist. Warren No. CA2021-09-084, 2022-Ohio-1708, ¶ 31. Indeed, where a defamed individual could not have known about libelous conduct of a defendant, such as here, application of the discovery rule avoids an unconscionable and prejudicial result against a plaintiff. *Id.* at ¶ 23 (further discussing application of the discovery rule to other tort-based claims to avoid unconscionable and prejudicial results against a plaintiff as in asbestos exposure, medical and legal malpractice claims, negligence, sex-abuse claims, wrongful death claims, and employer intentional torts) (citing *O'Stricker v. Jim Walter Corp.,* 4 Ohio St. 3d 84, 447 N.E.2d 727, paragraph 2 of the syllabus (1983)); *see also Dipillo v. Cashen*, 6th Dist. Wood, No. WD-83-23, 1983 Ohio App. LEXIS 11595, at *3-4 (Aug. 12, 1983) (adopting the discovery rule for the accrual of a libel action). "When an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of defendant, for the purposes of the statutes of limitations contained in R.C. 2305.10." *O'Stricker*, 4 Ohio St. 3d at 87.

As further articulated in *Weidman¸* "a number of other jurisdictions apply the discovery rule to defamation claims where the publication of the libelous statements was secretive, concealed, or otherwise inherently unknowable due to the nature of the publication," in instances such as confidential files, memos, and reports. *Weideman*, 2022-Ohio-1708, ¶ 26 (citing *Tom Olesker's Exciting World of Fasion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill. 2d 129, 334 N.E.2d 160 (Ill. 1975); *Kelley v. Rinkle¸*532  S.W.2d 947 (Tx. 1976); *Kittinger v. Boeing Co.,* 21 Wn. App. 484, 585 P.2d 812 (Wash. App. 1978); *Manguso v. Oceanside Unified School Dist.,* 88 Cal. App. 3d 725, 152 Cal. Rptr. 27 (Cal. App. 1979); *Sears, Roebuck & Co. v. Ulman*, 287 Md. 397, 412 A.2d 1240 (Md. App. 1980); *White v. Gurnsey*, 48 Ore. App. 931, 618 P.2d 975 (Ore. App. 1980); *Clark v. AiResearch Mfg. Co.,* 138 Ariz. 240, 242, 673 P.2d 984 (Ariz. App. 1983); *Staheli v. Smith*, 548 So. 2d 1299 (Miss. 1989); *Allen v. Ortez*, 802 P.2d 1307, 1314 (Utah 1990); *Padon v. Sears*, 186 W.Va. 102, 411 S.E.2d 245 (W.Va. App.1991); *Leedom v. Bell*, Ten. App. No. 03A01-9704-CV-00136, 1997 Tenn. App. LEXIS 742 (Oct. 29, 1997); *Digital Design Group, Inc. v. Information Builders, Inc*., 2001 OK 21, 24 P.3d 834 (Okla. 2001) (stating that the trend among courts across the country is to apply the discovery rule to concealed defamation)).

Here, Minuteman and Heavey used the private forum as a secret meeting place to conspire about harassing Plaintiff. Indeed, Movants admitted to using the private forum and admitted that the Minuteman website is no longer active. *See* ECF # 67 at ¶¶ 53, 91. As a result of their actions in delisting the Minuteman website, the Private Forum Posts were made public sometime between January 23, 2023, and April 28, 2023, but the exact date and reason why the Private Forum Posts became public is not known, which is why Plaintiff should be entitled to discovery. *See* Compl. at ¶¶ 91-101. Likewise, it is unknown what additional plans or content Defendants discussed in secret. Because the Private Forum Posts were private, as Plaintiff has alleged, Plaintiff had no way

of knowing—even through the exercise of reasonable diligence—about the Private Forum Posts. *See* Compl. at ¶ 91. Accordingly, the Court should apply the discovery rule and deny the Motion.

In light of the pending *Weidman* decision from the Ohio Supreme Court, the Court should defer ruling on the Motion. Indeed, courts in this Circuit routinely defer ruling on dispositive motions while awaiting supreme court decisions that are dispositive to pending motions. *See Bussberg v. Fed. Ret. Thrift Inv. Bd.*, 954 F. Supp. 2d 717 (S.D. Ohio 2013) (issuing stay pending ruling from the Supreme Court of the United States as to beneficiary designations); *Edwards v. Meisner¸* Case No. 19-cv-10047, 2020 U.S. Dist. LEXIS 112223 (E.D. Mich. June 26, 2020) (finding in the interests of judicial economy to stay case pending a Sixth Circuit decision and a Michigan Supreme Court decision) (citing *Johnson v. Meisner¸* Case No. 19-cv-11569, 2020 U.S. Dist. LEXIS 94713, at *5 (E.D. Mich. May 31, 2020); *Sinclair v. Meisner*, No. 18-cv-14042, 2020 U.S. Dist. LEXIS 41105, at *2 (E.D. Mich. Mar. 10, 2020); *Fox v. Cty. of Saginaw,* No. 19-cv-11887, 2020 U.S. Dist. LEXIS 6503 (E.D. Mich. Jan. 10, 2020); *Arkona, LLC v. Cty. of Cheboygan,* No. 19-cv-12372, 2020 U.S. Dist. LEXIS 4250, at *4 (E.D. Mich. Jan. 10, 2020)). Accordingly, it is within this Court's discretion to deny the Motion in light of the issues of material fact and particularly because of the *Weidman* case before the Ohio Supreme Court.

**C.     Florida's Two-Year Statute of Limitations Should Apply to the Video and the Letter.**

Because Plaintiff experienced the harm of the Video and Letter in his home state of Florida, Florida's statute of limitations should apply. Generally, diversity jurisdiction leads the court to apply the choice of law rules of the forum state. *Wallave Hardware Co v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000). However, cases applying the forum state's choice of law rules have consistently analyzed contract-based claims—not tort claims. *See, e.g., Dudek v. Thomas & Thomas Attys. & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 831 (N.D. Ohio 2010) (analyzing

10

a credit card agreement in determining that choice of law rules for the court which the state sits guide which statutes of limitation apply absent  contractual language indicating otherwise); *Miami Valley Mobile Health Servs. v. ExamOne Worldwide, Inc*, 852 F. Supp. 2d 925, 932 (S.D. Ohio 2012) (analyzing choice of law in a licensing agreement). Further, other courts have indicated that mechanically applying a forum state's procedural law is inconsistent with a court's objective to find justice. *See Limor v. Weinstein & Sutton*, 161 B.R. 953, 955-956 (M.D. Tenn. 1993); *Morgan v. Royal Manufactured Homes, LLC,* Case No. 06-71420, 2011 Bankr. LEXIS 3308, at *24 (N.D. Al. Aug. 18, 2011).

When analyzing a tort-based claim under a choice of law analysis, the Sixth Circuit follows the Restatement Conflicts of Law analysis. *See Progressive Country Mut. Ins. Co. v. Goodyear Ture & Rubber Co.*, 552 F. Supp. 3d 724, 726 (N.D. Ohio 2021). The Ohio Supreme Court formally adopted the Restatement (Second) of Conflict of Laws, recognizing that the Restatements' balancing test applying the law of the state with the "more significant relationship to the lawsuit" was "more reflective of [Ohio's] past decisions and also provided sufficient guidelines for future litigation." *Morgan v. Biro MFG Co.*, 15 Ohio St. 3d 339, 474 N.E.2d 286, 288-89 (Ohio 1984). "When confronted with a choice of law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with section 146." *Id.* at 289. Pursuant to Section 146, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. *Willis v. Wallace*, 597 F. Supp. 2d 737, 739 (N.D. Ohio 2009). To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. *Biro Mfg. Co.,* 474 N.E.2d at  289. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence,

nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under section 6 which the court may deem relevant to the litigation. *Id.* All of these factors are to be evaluated according to their relative importance to the case. *Id.*

Ohio generally follows the doctrine of *lex loci delicti*, whereby the law of the place of the injury controls, absent a showing that another jurisdiction has a more significant relationship to the lawsuit. *Willis,* 597 F. Supp. 2d at 739. In *Progressive Country Mut. Ins. Co. v. Goodyear Tire & Rubber Co.*, the Northern District Court found Mississippi law applied because Mississippi was the location of the RV crash caused by the tires on the RV failing while Plaintiff was driving. *Progressive Country Mut. Ins. Co. v. Goodyear Ture & Rubber Co.*, 552 F. Supp. 3d 724, 726 (N.D. Ohio 2021). Here, as alleged in the Complaint, Plaintiff was at his residence in the state of Florida when Movants published the Video and Letter, and Plaintiff and his business interests in felt the harm of the Video and Letter in Florida. *See* Compl. at ¶¶ 2, 5, 43, 84, 104, 150. Just as in *Progressive Country Mut. Ins. Co. v. Goodyear Tire & Rubber Co.*, the location of the injury should control. Accordingly, because Plaintiff felt the harm in Florida, the Court should apply Florida's statute of limitations and deny the Motion.

### D.     The Court May Transfer the Litigation to the Middle District of Florida.

If this Court determines that Ohio's one-year statute of limitations applies (which would be erroneous), it is within the Court's discretion to transfer the pending litigation to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a) in the interests of justice. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or ***if it be in the interest of justice***, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a) (emphasis added). A court may also transfer a case to a more appropriate forum for personal jurisdiction. *See* 28 U.S.C. § 1631. However, "a court may transfer

venue only to another district where the case could have been brought." *Stehle v. Venture Logistics, LLC*, No. 3:19-CV-169, 2020 U.S. Dist. LEXIS 4320, *21 (S.D. Ohio Jan. 10, 2020). A case could have been brought in a transferee court if three conditions are met: (1) that court would have jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court. *Id*. at *21-22.

First, because the Court here has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, the Middle District of Florida would likewise have subject matter jurisdiction over Plaintiff's claims. Second, pursuant to 28 U.S.C. § 1391(c), venue may be proper where a plaintiff resides, such as here with the Middle District of Florida. Regarding the second step of the analysis, a court's authority to transfer venue lies in multiple statutes, including 28 U.S.C. §§ 1406, and 1631. A court may use a combination of these statutes to transfer claims to facilitate the parties resolving their dispute in one forum. *Stehle,* 2020 U.S. Dist. LEXIS 4320 at *22.  However, it is "an abuse of discretion for a district court to refuse to transfer without determining whether transfer would be in the interest of justice." *Id*.

Here, transferring the litigation to the Middle District of Florida would serve the interests of justice. As set forth in the Complaint, Plaintiff resides in Florida, was in Florida when the Video and Letter were published, and was harmed in Florida. *See* Compl. at ¶¶ 37-39. Further, transferring this litigation to the Middle District of Florida would permit a Florida court to oversee the enforcement of a Florida resident's rights. Moreover, transfer pursuant to 28 U.S.C. § 1406(a) would permit the Middle District of Florida to apply its statutes of limitations to Plaintiff's claims. *See Martin v. Stokes*, 623 F.2d 469, 471-72 (6th Cir. 1980) (stating that where transfer is made pursuant to 28 U.S.C. § 1406, the transferee court is to apply its own laws).

Third, as to whether Defendants would be amenable to service of process out of the Middle District of Florida, certain of Defendants have already raised issues of personal jurisdiction, which could all be decided in one forum—the Middle District of Florida. All Defendants conspired to harm Plaintiff via the internet by posting the Video, the Letter, and the Private Forum Posts as well as other unknown harassment in Minuteman's forum or elsewhere on the internet. However, the full extent of Movants' harassment of Plaintiff is unknown, which warrants discovery.

**E.** **Plaintiff's Claims for Intentional Infliction of Emotional Distress, Tortious Interference, and Civil Harassment are Not Barred by the Statute of Limitations.**

At the core of this lawsuit is Heavey, Minuteman, and the other Defendants' harassment and disparagement of Plaintiff. Heavey and Minuteman targeted Plaintiff with at least four separate and independent acts of harassment: (i) multiple rounds of fireworks; (ii) the Video; (iii) the Letter; and (iv) the Private Forum Posts; however, it is unknown what additional secret communications were had to plan out further harassment of Plaintiff since Plaintiff has not had the opportunity of discovery. However, *Hambleton v. R.G. Barry Corp.,* 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298, 1302 (1984) instructs courts to "look at the actual nature or subject matter of the case, rather than to the form in which the action is pleaded." *Id.*; *see also Love v. Port Clinton¸* 37 Ohio St. 3d 98, 524 N.E.2d 166, syllabus (1988); *Gentile v. City of Solon*, Case No. 1:12CV1657, 2013 U.S. Dist. LEXIS 3408, at *14 (N.D. Ohio Jan. 9, 2013).

Here Heavey, Minuteman, and the other Defendants went to great lengths to harass Plaintiff in contrast to *Hambleton*, *Love*, and *Gentile*. Beginning in December 2020, Heavey set off fireworks near Plaintiff's Ohio property. *See* ECF # 67 at ¶¶ 2-3, 41-42. Heavey then followed up with more fireworks on Lake Erie, as seen in the Video, which Minuteman and Heavey admit. *See id.* at ¶ 3. Beyond the fireworks and Video, Minuteman published the Letter on its website, where Heavey and the other Defendants continued disparaging Plaintiff in private and plotting new ways

to harass Plaintiff. *See* Compl. at Exh. A. Ultimately, Heavey and the other Defendants' private harassment of Plaintiff was revealed once the Minuteman website was deactivated sometime between January 23, 2023, and April 28, 2023. However, the extent of Defendants' harassment of Plaintiff is widely unknown and ripe for discovery. Heavey, Minuteman, and the other Defendants' actions were not a one-off occurrence, but rather a concerted effort to harass Plaintiff, and the circumstances surrounding that should be subject to discovery.

Here, the claims are not inextricably intertwined, a court should separate claims, and this Court should view each one independently from another. Courts should look not only to the facts but also the legal theories entitling a plaintiff to relief. *See House v. Players' Dugout, Inc.,* Case No. 3:16-cv-00594, 2022 U.S. Dist. LEXIS 151136, at *63 (W.D. Ky. Aug. 22, 2022) (finding that disparagement and tortious interference were not inextricably intertwined despite the fact that the claims arose from the same occurrence). Here, not only do Plaintiff's claims consist of different legal theories, but they arose from multiple instances of Movants' harassment. Accordingly, Plaintiff's claims for tortious interference, harassment, and intentional infliction of emotional distress standalone from his claim for defamation, and therefore, the Motion should be denied.

### F.    **Plaintiff's Other Claims Were Asserted Timely.**

Similar to Plaintiff's claims for defamation, tortious interference, civil harassment, and intentional infliction of emotional distress, Plaintiff filed his claims for telecommunications harassment pursuant to O.R.C. 2307.60, federal unfair trade practices pursuant to 15 U.S.C. § 1125(a), harassment under Florida law pursuant to Fla. Stat. 772.103, and misappropriation of name/likeness within their respective statutes of limitations. First, Ohio's statutory telecommunications harassment claim under O.R.C. 2307.60 carries a six-year statute of limitations as a result of its remedial nature. *See Harris v. Cunix*, 10th Dist. Franklin, 2022-Ohio-839, 187 N.E. 582, ¶¶ 13-21 (discussing multiple cases employing a six-year statute of limitations

for claims brought under O.R.C. 2307.60); *c.f. Brack v. Budish*, 539 F. Supp. 3d 794, 800 (N.D. Ohio 2021) (stating that where a victim of a crime may recover full damages, the statute is remedial, not penal). Just as in *Harris* and as hinted in *Brack*, the six-year remedial statute of limitations should apply as O.R.C. 2307.60 is not a penal statute but rather remedial because it allows for compensatory damages.

Second, the Lanham Act does not have a statute of limitations, but courts look to whether prejudice may result because of unreasonable delay in bringing a claim. *Campfield v. Safelite Group, Inc.*, No. 2:15-CV-2733, 2019 U.S. Dist. LEXIS 210390, *21 (S.D. Ohio Mar. 28, 2019); *see also Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739, 747 (S.D. Ohio 2020). "A plaintiff may defeat the presumption of prejudice by: (1) rebutting the presumption; (2) demonstrating a good excuse for the delay; or (3) establishing the defendant engaged in conduct so egregious that it changes the balance of the equities in the plaintiff's favor." *Id*. Because the doctrine of laches is "'inherently fact specific,' district courts throughout this circuit and others have found that challenges to an action based on the doctrine of laches are 'not amenable to dismissal at the pleading stages." *Id*.

Movants cannot show that an unreasonable delay exists here, nor can they show that they have suffered any prejudice. Indeed, any delay or prejudice are better suited for discovery just as Plaintiff's opportunity to defeat the presumption rests on the facts at issue.

Third, the statute of limitations for Plaintiff's harassment claim under Fla. Stat. 772.103 is five years. Fla. Stat. 772.17. Here, Movants targeted and harassed Plaintiff to promote Minuteman's real estate investment business. Because Plaintiff's claim is subject to a five-year statute of limitations, Plaintiff timely filed his claim.

Last, the statute of limitations for Plaintiff's claim for misappropriation of name/likeness is four years. Fla. Stat. 95.11. Here, Movants used Plaintiff's name for the purpose of driving attention to Movants' business. Consequently, Plaintiff brought this claim against Movants within the statute of limitations. Thus, Plaintiff timely brought his claims against Movants.

### G.     **Many Factual Issues are in Dispute or Unknown Necessitating Discovery.**

Put simply, Movants' request is premature as multiple factual issues are in dispute or unknown, such as the extent of Defendants' secret communications on Minuteman's private forum. When issues of fact exist where a court must decide a pleadings-based motion, courts should deny the motion. *See, e.g., A.A. v. Ostego Local Schs. Bd. of Educ.,* Case No. 3:15-cv-1747, 2016 U.S. Dist. LEXIS 176621, at *14-16 (N.D. Ohio Dec. 21, 206) (denying motion for judgment on the pleadings where factual and legal conclusions were not yet developed through discovery); *Tinney v. Richland County,* Case No. 1:14-cv-703, 2015 U.S. Dist. LEXIS 16266, at *13-15 (N.D. Ohio Feb. 10, 2005) (denying a motion for judgment on the pleadings as premature where plaintiff's allegations sufficiently raised a claim for relief). Here, Plaintiff alleged that Defendants harassed Plaintiff with multiple rounds of fireworks, the Video, the Letter, and the Private Forum Posts. The full extent of Defendants' actual harassment is unknown—Plaintiff only recently discovered the Private Forum Posts. *See*  Compl. at ¶ 101.

Additionally, motions based on only the pleadings are "usually an 'inappropriate vehicle for dismissing a claim based upon a statute of limitations.'" *Grover v. BMW of N. Am., LLC,* 434 F. Supp. 3d 617, 629 (N.D. Ohio Jan. 21, 2020) (quoting *Lutz v. Chesapeake Appalachia, LLC,* 717 F.3d 459, 464 (6th Cir. 2012)). Where, such as here, a plaintiff alleges plausible facts showing that the statute of limitations has not passed or was tolled, a complaint should survive a pleading-based motion. *See Grover,* 434 F. Supp. 3d at 630. Further, a court should deny the motion "***if any issues of fact are involved,***" just as a motion for judgment on the pleadings cannot be granted if

material issues of fact exist. *United States v. Carell,* 681 F. Supp. 2d 874, 883 (M.D. Tenn. Oct. 13, 2009) (emphasis added); *Boyd,* 2021 U.S. Dist. LEXIS 9517, at *4.

Here, multiple issues of fact exist, which warrants denying the Motion. Because of Movants' concealment, Plaintiff does not know the full extent of Movants' harassment. *See* Compl. at ¶¶ 91-101. In Minuteman's forum, Defendants intentionally concealed their communications to harass Plaintiff and then inadvertently or purposefully, which Plaintiff does not know, revealed the Private Forum Posts to the public on or around April 28, 2023. *Id.* One or more of Defendants may have altered the Private Forum Posts or the private forum as well. However, Heavey, Minuteman, the other Defendants, and their co-conspirators certainly went to great lengths to conceal their future plans to harass Plaintiff and their identities when interacting with each other on the private forum. *See* Compl. at ¶¶ 8-10, 94, 100-101, Exh. A (showing that multiple users interacted with Heavey by voting and liking the Private Forum Posts). Additionally, because Plaintiff has no access to Minuteman's private forum, the extent of Defendants' secret communications is unknown and additional harassing content likely exists therein, which should be subject to discovery. The facts surrounding the Private Forum Posts alone require the Court to deny the Motion and permit discovery.

**H.      The First Amendment Does Not Protect The Video, The Letter, Or The Private Forum Posts.**

Minuteman and Heavey cannot find refuge in the First Amendment. It is well-settled law that "[d]efamatory expression falls outside the reach of the First Amendment." *Draudt v. Wooster City Sch. Dist.*, 246 F. Supp. 2d 820, 832 (N.D. Ohio 2003) (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S. Ct. 2695, 111 L. Ed. 2d 1 (1990)). Indeed, "[t]here are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem," including libelous speech. *See Chaplinsky v. N.H.,*

315 U.S. 568, 571-72 (1942). While the First Amendment may permit a defendant to publish an idea, the First Amendment does not protect a statement where it "makes an assertion of fact—that is, an assertion that is capable of being proved objectively incorrect." *Clark v. Viacom Int'l, Inc.,* 671 Fed. Appx. 495, 508 (6th Cir. 2014) (citing *Milkovich*, 497 U.S. at 20).

Here, Movants published provably false statements of fact when accusing Plaintiff and associating him with convicted felons responsible for the January 6, 2021 Capitol Events. Heavey accuses Plaintiff of cheating on his taxes, committing "mortgage fraud," receiving "socialist handouts and entitles," filing for hundreds of bankruptcies, and profiting from toxic waste sites. *See* Compl. at ¶¶ 79-87. Heavey also associates Plaintiff with "Nazis," "white supremacists," and "proud boys" who had roles in the January 6, 2021 Capitol Events and were later convicted. *See, e.g., id.* at ¶¶ 62, 69. With the Private Forum Posts, Heavey states that Plaintiff's businesses are bankrupt and alleges that Plaintiff has conducted "fraudulent financial activity" by showing Plaintiff's loans. *See id.* at Exh. A. Without question, Heavey's statements are matters of fact—not opinion—which can be proven false in discovery. Accordingly, the First Amendment does not protect Heavey's statements, and the Court should deny the Motion.

In addition, Movants put forth a laundry of list of inapposite cases that have little to do with the facts here. First, Movants cite to cases in which First Amendment speech was permitted for persons expressing their opinion—yet Heavey and Minuteman are not expressing their opinion in the Video, the Letter, or Private Forum Posts. *See Cohen v. Calif.*, 403 U.S. 15, 21-22 (1971)(finding Plaintiff's First Amendment right to free speech protected when Plaintiff wore a jacket stating "Fuck the Draft."); *see Snyder v. Phelps*, 562 U.S. 443 (2011)( finding Defendant's First Amendment right to free speech protected when picketing with signs stating true beliefs and opinion at a soldier's funeral); *Hustler Magazine, Inc. v. Falwell*,485 U.S. 46 (1988) (finding no

First Amendment violation where a parody caricature was used to express an opinion on a matter of public concern); *Vail v. Plain Dealer Pub. Co.*, 72 Ohio St.3d 279, 283, 649 N.E.2d 182, 186 (1995) (finding a defamation action could not stand because it was an expression of an opinion). Second, Movants apply cases regarding privileges provided to those acting under an affirmative duty when Heavey and Minuteman have no applicable privilege and were not acting under any affirmative duty. *See A&B-Abell Elev. Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 7, 651 N.E.2d 1283, 1290 (1995) (asserting a qualified or conditional privilege where one makes statements in discharging their public or private duty.); *Bigelow v. Brumley*, 138 Ohio St. 574, 580-581, 37 N.E.2d 584, 589 (1941) (applying absolute privilege where one is acting within their public function). Third, Movants try to skirt liability for their harassment by mischaracterizing the conclusions of Ohio courts. *See McNeil v. Mt. Carmel Health Sys.,* No. 2:20-cv-258, 2021 WL 1022877, *3-4 (S.D. Ohio March 17, 2021) (finding defamation may be applied to a group when the defamatory statement can be reasonably identified as being targeted to an individual of the group).As such, the Court should find Movants' First Amendment analysis erroneous and deny the Motion.

## III.   CONCLUSION.

For the reasons set forth herein, the Court should deny the Motion. Plaintiff filed his claims within the statutes of limitations and the First Amendment does not protect malicious conduct that is designed to harass Plaintiff and threaten his personal and business interests.

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*

JON J. PINNEY (0072761)
JAY E. KRASOVEC (0069787)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jek@kjk.com; kds@kjk.com

*Counsel for Plaintiff David Niederst*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing complies with the page limit requirements set forth in Local Rule 7.1.

21

*/s/ Jon J. Pinney*
Jon J. Pinney

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2023, a copy of the foregoing was submitted for filing to the Court's electronic filing system, which will electronically serve the same to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jon J. Pinney*
Jon J. Pinney (0072761)

*Counsel for Plaintiff David Niederst*