# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DAVID NIEDERST, | ) | CASE NO. 1:23-cv-117 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| MINUTEMAN CAPITAL, LLC, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |
| | ) | |

Before the Court are two separate motions to dismiss: (i) Defendants David Neundorfer, Kieren James-Lubin, Mark Caraway, Adam Hudak, Dave Altman, Brent Leslie, Andy Williams, Graham Gunst, and Kevin McGinty's (collectively, the "Individual Defendants") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 57); and (ii) Defendants Jonathan Heavey, M.D. and Minuteman Capital, LLC's ("Minuteman") (collectively, the "Minuteman Defendants") motion for judgment on the pleadings (ECF No. 69).  For the reasons discussed below, the Individual Defendants' motion to dismiss is **GRANTED** and the Minuteman Defendants' motion for judgement on the pleadings is **GRANTED IN PART AND DENIED IN PART**.

## I.    PROCEDURAL BACKGROUND

On May 1, 2023, Plaintiff David Niederst filed an amended complaint against Heavey, Minuteman, the Individual Defendants, David Croft, and Patrick Croke, alleging that the defendants engaged in a pattern of harassment against Plaintiff by setting off fireworks near Plaintiff's Ohio property, posting a disparaging video on YouTube, and posting a disparaging letter and comments on Minuteman's website.[1]  (ECF No. 48).  The amended complaint asserts nine causes of action: (i) defamation (Count One); (ii) civil claim for a criminal act under Ohio Rev.

---

[1] Plaintiff's initial complaint was filed against the defendants on January 22, 2023.  (ECF No. 1).

Code § 2307.60 (Count Two); (iii) violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count Three); (iv) tortious interference with business relationships (Count Four); (v) intentional infliction of emotional distress (Count Five); (vi) civil harassment (Count Six); (vii) civil claim for a criminal act under Fla. Stat. § 722.103 (Count Seven); (viii) appropriation of name/likeness under Fla. Stat. § 540.08 (Count Eight); and (ix) preliminary and permanent injunctions (Count Nine). (*Id.* at PageID #301–13).

On May 16, 2023, Plaintiff voluntarily dismissed all claims against Defendant Croft without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF Nos. 53, 54). Subsequently, Plaintiff voluntarily dismissed all claims against Defendant Croke without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF Nos. 75, 76).

On May 31, 2023, the Individual Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (ECF No. 57). They seek dismissal of the claims against five of the Individual Defendants who are non-Ohio residents—Defendants Altman, Williams, Gunst, Caraway, and James-Lubin (collectively, "Non-Resident Defendants")—for lack of personal jurisdiction. (*Id.* at PageID #445–46). They also seek dismissal of all claims against the Individual Defendants for failure to state a claim. (*Id.* at PageID #446–48). Plaintiff filed a timely response in opposition, (ECF No. 72), and the Individual Defendants filed a reply in support of their motion, (ECF No. 74).

On June 27, 2023, the Minuteman Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 69). After being granted a motion for an extension, Plaintiff filed a timely response in opposition. (ECF No. 79). The Minuteman Defendants filed a reply in support of their motion. (ECF No. 80).

## II.    FACTUAL BACKGROUND[2]

Plaintiff is a Florida resident who is an owner, member, or shareholder of multiple real estate entities with assets and operations in Florida.  (ECF No. 48, PageID #285).  Minuteman is an Ohio limited liability company that "offers, or purports to offer, ownership shares to real estate portfolios with the use of blockchain technology, such that investors can track and trace their investments transparently, allocate specific resources to certain investment opportunities, and freely sell their shares."  (*Id.* at PageID #285–86).  Heavey is an owner, member, director, and officer of Minuteman.  (*Id.* at PageID #286).  Each of the Individual Defendants was an owner, member, officer, director, consultant, and/or employee of Minuteman when the alleged defamatory statements underlying this action were published.  (*Id.* at PageID #286–88).  At that time, Minuteman's website publicly listed: (i) Defendants Heavey, Hudak, Altman, Leslie, Williams, Gunst, and McGinty as "Team Members"; and (ii) Defendants Neundorfer, Croft, Croke, James-Lubin, and Caraway as "Advisors."  (*Id.* at PageID #300).

Before January 23, 2021, Heavey set off fireworks in front of Plaintiff's Ohio property and then, on a separate occasion, set off fireworks on Lake Erie behind that same property.  (*Id.* at PageID #283, 290).  On January 23, 2021, Minuteman posted a video on its corporate YouTube account entitled *Fueled By Freedom: Two If By Sea* (the "Video").[3]  (*Id.* at PageID #284, 290).  The Video is "[t]old from Heavey's perspective in the first-person narrative," disparages Plaintiff for his political views, and associates him with events leading up to President Joe Biden's inauguration on January 20, 2021.  (*Id.* at PageID #292).

---

[2] The factual allegations that follow are contained within Plaintiff's amended complaint.  (ECF No. 48).  The Court is obligated to accept all plausible allegations as true because, at this stage of the proceeding, the Court must construe the allegations in a light most favorable to Plaintiff (the non-movant).  *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

[3] As referenced by the amended complaint, (ECF No. 48, PageID #4 n.1), the Video can be found at https://www.youtube.com/watch?v=bkXh5QpnW6w.

In relevant part, the Video: (i) associates Plaintiff with individuals who were present and photographed at the January 6, 2021 "storming" of the United States Capitol Building; (ii) includes pictures of Plaintiff, his family, and the political signs and statutes that were on Plaintiff's Ohio property during the 2020 Presidential election; (iii) references Heavey's purchase and setting off of fireworks near Plaintiff's Ohio property; (iv) alleges and/or insinuates that Plaintiff has cheated on his taxes, engaged in mortgage fraud, received millions in "social handouts and entitlements," and is involved in around 500 bankruptcy cases; (v) displays a picture of Plaintiff's home and markets the defendant's ability to help viewers earn cash bounties for reporting persons who commit mortgage fraud; and (vi) shows the planning and execution of Heavey setting off fireworks on Lake Erie behind Plaintiff's property.  (*Id.* at PageID #293–97); *see* Jon Heavey, *Fueled By Freedom: Two If By Sea*, YouTube (Jan. 23, 2021), https://www.youtube.com/watch?v=bkXh5QpnW6w.  The original YouTube account was subsequently renamed from "Minuteman Capital" to "Jon Heavey," but the Video continues to display Minuteman's logo and the Video's webpage contains a caption directing viewers to Minuteman's website.  (*Id.* at PageID #291, 299).

Through counsel, Plaintiff sent a letter to the defendants demanding retraction of the Video. (*Id.* at PageID #300–01).  The Video was not removed, and Minuteman published a Letter on its website that references material in the Video and implies that Plaintiff is corrupt.  (*Id.* at PageID #291–92).  After the Video and the Letter were published, the defendants made disparaging remarks about Plaintiff using Minuteman's private forum, which later became public, and those comments were discovered by Plaintiff on April 28, 2023 (the "Private Forum Posts").  (*Id.* at PageID #284–85).  In the Private Forum Posts, Heavey: (i) calls the private community the "Wolfpack"; (ii) offers bounty rewards for the report of fraudulent activity; (iii) posted screenshots

of alleged loans to Plaintiff; and (iv) "references the Video, fireworks, fraud, and bankruptcy with respect to Niederst and states that Minuteman intends to continue harassing Niederst." (*Id.* at PageID #284, 297–98).

## III.    The Individual Defendants' Motion to Dismiss

The Individual Defendants' motion to dismiss sets forth two separate grounds for dismissal: (i) lack of personal jurisdiction as to the Non-Resident Defendants (the Individual Defendants who are non-Ohio residents), pursuant to Fed. R. Civ. P. 12(b)(2); and (ii) failure to state a claim against all the Individual Defendants, pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 57, PageID #445–48).  Normally, the Court would first address the personal jurisdiction challenge as to the Non-Resident Defendants because personal jurisdiction is considered a threshold issue.  *See Bird v. Parsons*, 289 F.3d 865, 872 (6th Cir. 2002) (explaining that courts must first decide whether personal jurisdiction exists over defendants before proceeding to the merits of the case); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (explaining that without personal jurisdiction over a defendant a district court lacks jurisdiction to proceed on the merits of the case).  However, in this case, the Court will first address the Individual Defendants' Rule 12(b)(6) challenge because: (i) the amended complaint contains the same general, group pleadings as to all the Individual Defendants, whether they are Ohio residents or not; (ii) the Court will ultimately have to address the Rule 12(b)(6) challenge regardless, as there are four Individual Defendants who are Ohio residents; and (iii) most importantly, the issue of personal jurisdiction will ultimately turn on whether there are sufficient allegations of personal tortious conduct by the Non-Resident Defendants—an issue that can be fully and clearly addressed under Rule 12(b)(6).

**A.      The Individual Defendants' – Motion to Dismiss for Failure to State a Claim**

   *1.      Standard of Review*

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Rule 8(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation.  *Id.* at 677–78 (citing *Twombly*, 550 U.S. at 555).  A plaintiff is obligated to provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  When reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

When deciding a motion to dismiss under Rule 12(b)(6) or Rule 12(c), as a general rule, the court cannot consider matters outside the pleadings unless the motion is converted to a motion for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d).  However, the Court may consider exhibits attached to or otherwise incorporated in the complaint without converting a Rule 12(b)

motion to dismiss into a motion for summary judgment.  Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

>        2.        *Analysis*

The Individual Defendants argue that the claims against them should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because the amended complaint contains no specific allegations that any of the Individual Defendants participated or were involved with the conduct underlying Plaintiff's claims (*e.g.*, the creation, publication, or dissemination of the alleged defamatory statements).  (ECF No. 57, PageID #446–48).  They further argue that Plaintiff's claims are not viable because the Individual Defendants cannot be held liable for actions taken by Minuteman unless they themselves took an active role in the alleged tortious conduct.  (*Id.* at PageID #446–47).  Plaintiff responds that the amended complaint alleged sufficient facts to provide the Individual Defendants with fair notice of the claims against them and the grounds for said claims; therefore, the pleadings satisfy the lenient standards under the Federal Rules of Civil Procedure.  (ECF No. 72, PageID #650–51).  He also contends that he alleged sufficient facts to establish that the Individual Defendants are liable for Minuteman's conduct through their agency relationships with Minuteman.  (*Id.* at PageID #651–52).

 Having reviewed the amended complaint and the arguments presented by the parties, the Court finds that the amended complaint fails to sufficiently allege a claim for relief against any of the Individual Defendants.  First, the amended complaint lacks specific allegations that any of the Individual Defendants took direct actions or individually engaged in conduct that relates to the alleged claims.  By contrast, the amended complaint does provide individualized and specific allegations of conduct as to Defendants Heavey and Minuteman.

Plaintiff's claims are based on allegations of harassment and defamation related to fireworks being set off near Plaintiff's Ohio property and the publication of the Video, the Letter, and the Private Forum Posts.  For the fireworks, Plaintiff specifically alleges that Heavey set off the fireworks near Plaintiff's Ohio property.  (ECF No. 48, PageID #283, 290, 297).  There are no allegations of involvement by any other defendant.  For the Video, Plaintiff alleges that Minuteman published the Video on its corporate YouTube account, Heavey shared the Video over social media, the Video and YouTube accounts contain promotion materials for Minuteman, and Heavey renamed the YouTube account hosting the Video to "Jon Heavey."  (*Id.* at PageID #290–91).  Plaintiff also alleges that the Video is narrated by Heavey and told from his perspective.  (*Id.* at PageID #292).  For the Letter, Plaintiff alleges that Minuteman published the Letter.  (*Id.* at PageID #292).  For the Private Forum Posts, Plaintiff specifically alleges that Heavey: (i) made the posts in Minuteman's "formerly private forum"; (ii) made the disparaging remarks and claims in those posts; and (iii) referenced "the Video, fireworks, fraud, and bankruptcy with respect to Niederst and states that Minuteman intends to continue harassing Niederst."  (*Id.* at PageID #284, 297–98).

Otherwise, the amended complaint contains interspersed, general allegations that the Video, the Letter, and the Private Forum Posts were all published, and the statements therein were made, by "Defendants."  (*Id.* at PageID #301–09).  The Court finds that these general allegations are insufficient to state a plausible claim against the Individual Defendants because they not only constitute impermissible group pleadings, but the allegations are belied by the pleadings, the exhibits attached to the pleadings, and Plaintiff's arguments concerning liability.

The amended complaint specifically alleges that each of the Individual Defendants was an owner, member, officer, director, consultant, and/or employee of Minuteman at the time the Video, the Letter, and Private Forum Posts were published.  (*Id.* at PageID #286–88).  It also alleges that

each of the Individual Defendants, based on their being listed as "Advisors" or "Team Members" on Minuteman's website, "***may*** have participated in the making and publication of the Video, the Letter, and Private Forum Posts and profited from the Video, the Letter, and Private Forum Posts." (*Id.* at PageID #287–88 (emphasis added)).  Even construing the pleadings in a light most favorable to Plaintiff, the allegations that the Individual Defendants "may" have participated in the publication of the defamatory materials does not provide a definitive allegation that any of the Individual Defendants personally engaged in tortious conduct.  It is simply speculation.

Plaintiff attached the Letter and a preservation of the Private Forum Posts as exhibits to the amended complaint.  (ECF Nos. 48-1, 48-4).  Reviewing the Letter, there is no indication that any of the Individual Defendants took any part in its drafting and publication.  The Letter, which appears to be posted on Minuteman's website, explicitly states that it was written by Defendant Heavey, is signed by Heavey, and is written in the first-person perspective.  (ECF No. 48-4, PageID #325).  There is no indication that the Letter was written, influenced, or published by any of the Individual Defendants.  The Private Forum Posts are posted and authored by Heavey.  (ECF No. 48-1, PageID #317–18).  They contain no comments or posts by any of the Individual Defendants, and do not establish that any of the Individual Defendants had any involvement with the posts.

To the extent that the amended complaint sets forth general allegations that all the named defendants published the Video, Letter, and Private Posts, the Court finds the amended complaint violates Fed. R. Civ. P. 8 by failing to specify the harms allegedly caused by each of the Individual Defendants.  The broad and conclusory allegations that the defendants as a whole published the defamatory materials are without factual support.  As such, the pleadings fail to state a plausible claim against the Individual Defendants under the *Iqbal*/*Twombly* standard.  *See Select Rehab.,*

*LLC v. EmpowerMe Rehab. Ky. LLC*, No. 1:21-CV-00039-GNS, 2021 U.S. Dist. LEXIS 159679, at *7-9 (W.D. Ky. Aug. 24, 2021) ("An allegation that 'defendants' committed some act, 'without any details about who did what is inadequate' under *Iqbal* and *Twombly*, and 'does not propound a plausible contention that a particular person did anything wrong.'" (citation omitted)); *Kurek v. Ohio Dep't of Dev. Disabilities*, No. 3:16-cv-623, 2017 U.S. Dist. LEXIS 65473, at *15–16 (N.D. Ohio Jan. 20, 2017) ("Such conclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient: 'vaguely lumping all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal*/*Twombly* standard." (alteration adopted) (collecting cases)); *Aaron v. Durrani*, 2014 U.S. Dist. LEXIS 32693, at *15 (S.D. Ohio Mar. 12, 2014) ("[L]umping the Defendants together for the purposes of all allegations fails to give the individual Defendants proper notice of what they have allegedly done wrong." (internal quotation marks omitted)).

Plaintiff does not address the lack of specific allegations against the Individual Defendants. Instead, he argues that the pleadings sufficiently allege a claim against the Individual Defendants because the allegations establish that each of the Individual Defendants are liable for Minuteman's conduct based on their relationships to the company. (ECF No. 72, PageID #651–52). The Court finds this argument unpersuasive. Minuteman is a limited liability company organized under Ohio law and is therefore a separate legal entity from the Individual Defendants. *See* Ohio Rev. Code § 1706.04(A); State v. Noe, 2009-Ohio-6978, ¶ 115 (Ohio Ct. App. 2009) ("Corporations and limited liability companies are separate legal entities that exist apart from individuals.").

Under Ohio law, owners, members, officers, employees, and agents of a corporate entity (including a limited liability company), are not personally liable for the wrongful or tortious conduct of that corporate entity or its agents, ***unless*** the individual defendant directly participated

in the commission of the tort. A person who is a member of a limited liability company is not liable, solely by reason of being a member, for a debt, obligation, or liability of the limited liability company or a series thereof, whether arising in contract, tort, or otherwise; or for the acts or omissions of any other member, agent, or employee of the limited liability company or a series thereof. *See Custom Assocs., L.P. v. VSM Logistics, LLC*, 2020-Ohio 2994, 154 N.E.3d 178, 183 (Ohio Ct. App. 2020) (providing that members, managers and officers of a limited liability company are generally not liable for the limited liability company's liabilities arising in tort or contract, with an exception in cases where "their own wrongful actions or omissions and can be pursued through claims for tortious conduct.");[4] *Hagemeyer Chem. Co. v. Insect-O-Lite Co.*, 291 F.2d 696, 699 (6th Cir. 1961) ("Officers, directors or shareholders of a corporation are not personally liable for wrongful or tortious conduct of the corporation or its other agents, unless there can be found some active or passive participation in such wrongful conduct by such persons."); *Young v. Featherstone Motors, Inc.*, 97 Ohio App. 158, 171, 124 N.E.2d 158, 166 (Ohio Ct. App. 1954) ("The general, if not universal, rule is that an officer of a corporation *who takes part in the commission of a tort* by the corporation is personally liable therefor; but that an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable to third persons for such a tort, nor for the acts of other agents, officers or employees of the corporation in committing it, *unless he specifically directed the particular act to be done, or participated, or co-operated therein*." (emphasis in original)); *see also ACT, Inc. v. Worldwide Interactive Network*, No. 3:18-cv-186, 2020 U.S. Dist. LEXIS

---

[4] *Custom Assocs., L.P.* cited Ohio Rev. Code Chapter 1705, which has since been repealed and replaced with Ohio Rev. Code Chapter 1706. Ohio Rev. Code § 1706.6 provides the same protection from liability, stating: "A person who is a member of a limited liability company is not liable, solely by reason of being a member, for a debt, obligation, or liability of the limited liability company or a series thereof, whether arising in contract, tort, or otherwise; or for the acts or omissions of any other member, agent, or employee of the limited liability company or a series thereof." *Compare* Ohio Rev. Code. § 1706.26, *with id.* § 1705.48.

260070, at *28-30 (E.D. Tenn. July 9, 2020) (explaining that corporate officers and employees may be held personally liable for a corporation's violations of the Lanham Act when they are personally involved in the infringement, not merely due to their status with the corporation) (collecting cases).

Similarly, under Florida law, an individual defendant is liable for a corporation's tortious actions only when that individual defendant personally participated in the alleged wrongdoing. *See Aboujaoude v. Poinciana Development Co. II*, 509 F.Supp.2d 1266, 1277 (S.D. Fla. 2007) ("'A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong."); *Costa Inv'rs, LLC v. Liberty Grande, LLC*, 353 So. 3d 627, 633 (Fla. Dist. Ct. App. 2022) ("A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong."); *McElveen v. Peeler*, 544 So. 2d 270, 271 (Fla. Dist. Ct. App. 1989) ("Individual officers and agents of a corporation are personally liable where they have committed a tort . . . [a] corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable." (internal quotation marks and citations omitted)).

As explained above, the amended complaint does not sufficiently allege that any of the Individual Defendants were directly involved or participated in the publication of the defamatory materials. Because the pleadings do not sufficiently allege any involvement or participation in the conduct at issue by the Individual Defendants, they do not allege a plausible claim against them.

**B.      Rule 12(b)(2) – Personal Jurisdiction**

*1.      Standard of Review*

Fed. R. Civ. P. 12(b)(2) provides for the dismissal of a complaint based on a lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists."  *Bird*, 289 F.3d at 871 (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887–88 (6th Cir. 2002)).  "The plaintiff bears the burden of establishing through 'specific facts' that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence."  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).  When a district court does not conduct an evidentiary hearing or permit limited discovery to resolve the issue, the burden is relatively low and requires the plaintiff make only a *prima facie* showing that personal jurisdiction exists to avoid dismissal.  *See Air Prods. & Controls, Inc. v. Safetch Int'l, Inc.*, 503 F.3d 544 549 (6th Cir. 2007).  "The court must view the pleadings . . .  in a light most favorable to the plaintiff and not weigh the controverting assertions of the party seeking dismissal."  *Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*, 3 F.4th 275, 278 (6th Cir. 2021) (citation and internal quotations omitted).

*2.      Applicable Law*

To assert specific personal jurisdiction over a defendant, a federal district court must find that: (i) the defendant is amenable to service of process under the forum state's long-arm statute; and (ii) the exercise of personal jurisdiction satisfies the requirement of due process.  *See Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991); *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, Ltd., 91 F.3d 790, 793 (6th Cir. 1996); *see also Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510-11 (6th Cir. 2006) ("In order to establish jurisdiction over a non-resident corporation in a federal diversity matter, the defendant must be shown to meet one of the criteria

enumerated in the Ohio long-arm statute . . . and be within the bounds of constitutional due process." (internal citation omitted)).  "Even if a defendant's contact with the State of Ohio satisfies Ohio's long-arm statute, personal jurisdiction fails unless exercising jurisdiction over the defendant comports with traditional notions of fair play and substantial justice."  *J.M. Smucker Co. v. Hormel Food Corp.*, 526 F. Supp. 3d 294, 300 (N.D. Ohio 2021).

For personal jurisdiction to comply with the requirements of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (citation omitted).  "Minimum contacts exist where a defendant's conduct and connection with the forum state are such that he would reasonably anticipate being haled into court there."  *Citizens Bank v. Parnes*, 376 F. App'x 496, 502 (6th Cir. 2010) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (internal quotation marks omitted).  The Sixth Circuit has established a three-part test for determining whether personal jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The purposeful availment requirement is the "sine qua non" for personal jurisdiction.  *Southern Machine*, 401 F.2d at 381–82.  The requirement is satisfied when a defendant's contacts with the forum state "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State" and these connections and contacts with the forum are such that the defendant "should reasonably anticipate being haled into court there."  *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297) (emphasis in original).  Purposeful availment occurs when "the defendant deliberately has engaged in significant activities within a State, . . . or has created continuing obligations between himself and residents of the forum." *Id.* at 475–76 (internal citations and quotation marks omitted).

        *3.*   *Analysis*

        The Individual Defendants argue that the Non-Resident Defendants should be dismissed from this case for lack of personal jurisdiction because the amended complaint does not sufficiently allege that they have any significant contacts with the forum to justify the exercise of personal jurisdiction over those defendants.  (ECF No. 57, PageID #445–56).  Plaintiff disagrees, arguing that the exercise of personal jurisdiction comports with due process because the Non-Resident Defendants: (i) purposefully availed themselves of doing business in Ohio through their relationships with Minuteman; and (ii) the instant cause of action arises from their contacts with Minuteman.  (ECF No. 72, PageID #646–50).

        The Court finds that Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over the Non-Resident Defendants.  The amended complaint alleges, and the parties do not dispute, that the Non-Resident Defendants are individuals who do not reside in Ohio.  (ECF No. 48, PageID #286–88).  The amended complaint contains no allegations that the Non-Resident Defendants have traveled to Ohio or personally took any actions in the state of Ohio (either in their personal capacity or as an agent/employee/officer of Minuteman).  Plaintiff's argument rests on his contention that the Non-Resident Defendants have sufficient contacts with Ohio based on their agency relationship and/or ownership interest in Minuteman.  This argument lacks merit.

15

"Ohio courts recognize the fiduciary-shield doctrine as a limit to a court's exercise of personal jurisdiction." *MedChoice Fin., LLC v. ADS All. Data Sys.*, 857 F. Supp. 2d 665, 675–76 (S.D. Ohio 2012).  "The fiduciary shield doctrine prevents individual officers of a corporation from being subject to personal jurisdiction in the forum state merely because the corporation is subject to such jurisdiction." *Commodigy OG Vegas Holdings LLC v. ADM Labs*, 417 F. Supp. 3d 912, 924 (N.D. Ohio 2019) (citing *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000)); *see also Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974) ("[J]urisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation.").  Similarly, the mere fact that an individual defendant might have an ownership interest or exercise control over a corporate entity does not establish personal jurisdiction over that individual defendant in the forum state where the corporate entity conducts business.  *See SFS Check, LLC v. First Bank of Del.*, 990 F. Supp. 2d 762, 771 (E.D. Mich. 2013).  In other words, even though there may be personal jurisdiction over a corporate entity, it does not necessarily mean that there is personal jurisdiction over its owners, officers, employees, or agents.

There are exceptions to the doctrine.  The Sixth Circuit has clarified that the fiduciary-shield doctrine does not limit the exercise of personal jurisdiction in cases where corporate agents were actively and personally involved in the allegedly tortious or violative conduct.  *Balance Dynamics Corp.*, 204 F.3d at 697–98 (6th Cir. 2000) (citing *Chattanooga Corp. v. Klingler*, 704 F.2d 903, 906-907 (6th Cir. 1983); *Serras v. First Tennessee Bank N.A.*, 875 F.2d 1212, 1217 (6th Cir. 1989)).  Ultimately, "where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; *i.e.*, whether she purposely availed herself of the forum

and the reasonably foreseeable consequences of that availment." *Balance Dynamics Corp.*, 204 F.3d at 698.

As explained above in the Court's Rule 12(b)(6) analysis, the amended complaint does not sufficiently allege any direct or personal involvement by any of the Individual Defendants in the alleged tortious conduct in this case. In other words, the pleadings do not sufficiently allege that the Non-Resident Defendants were participants in any alleged wrongdoing. Without any such showing, personal jurisdiction over the Non-Resident Defendants cannot be established based solely on their alleged ownership interest or fiduciary relationship with Minuteman. Absent any allegations of personal contacts or conduct of the Non-Resident Defendants in Ohio, the Plaintiff has failed to establish personal jurisdiction over the Non-Resident Defendants.

### C. Summary

Accordingly, the Individual Defendants' motion to dismiss (ECF No. 57) is **GRANTED**. The claims against the Non-Resident Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). The claims against the remaining Individual Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).[5]

## IV. The Minuteman Defendants' Motion for Judgment on the Pleadings

In their motion for judgment on the pleadings, the Minuteman Defendants primarily argue that various claims against them (Counts One through Eight) should be dismissed as time-barred by the applicable statutes of limitations. (ECF No. 70, PageID #602–24). They also present

---

[5] If Plaintiff should desire to amend the pleadings to cure these pleading deficiencies, he must file a motion for leave to amend for the Court to consider. The motion should provide a proposed amended complaint that includes factual allegations which: (i) establish specific, individual acts by each of the Individual Defendants relating to the alleged tortious conduct; and (ii) demonstrate that the Court may exercise personal jurisdiction over Non-Resident Defendants.

arguments that Counts Eight and Nine otherwise fail on the merits. (*Id.* at PageID #622–24). The Court will address the statutes of limitations before moving on to any remaining merits arguments.

### A.      Rule 12(c) – Standard of Review

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which is essentially a delayed motion to dismiss under Rule 12(b)(6) and is evaluated under the same standards. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (2021). Because the standards are the same, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Solo v. UPS Co.*, 819 F.3d 788, 793 (6th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law. *Anders*, 984 F.3d at 1174. In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland v. FCA US LLC*, 656 F. App'x 232, 236–37 (6th Cir. 2016) (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

### B.      Statute of Limitations

The Minuteman Defendants argue the Counts One through Eight should be dismissed because they are all barred by the applicable statutes of limitations. (ECF No. 70, PageID #602–24). Plaintiff argues that the Court should deny the motion to dismiss because his claims are not time-barred and the Minuteman Defendants' request is premature. (ECF No. 78, PageID #696–706).

As an initial matter, the parties disagree as to what statutes of limitations should be applied to each of the claims in this federal proceeding. The Minuteman Defendants argue that Ohio's

statutes of limitations govern all non-federal claims in this action even if the claims were brought under Florida law.  (*See* ECF No. 70, PageID #602–05).  Plaintiff disagrees, generally arguing that Florida's statutes of limitations should apply to his claims because the location of the injury and the harm to himself and his businesses was felt in Florida.  (*See* ECF No. 78, PageID #699–701).

When a federal court exercises supplemental jurisdiction over state-law claims, it is required to apply the choice-of-law rules of the forum state in which it sits.  *See Osborn v. Griffin*, 865 F.3d 417, 443 (6th Cir. 2017); *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999) ("A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction."); *Reed v. Inland Intermodal Logistics Servs.*, No. 09-2607, 2011 U.S. Dist. LEXIS 112258, at *11 (W.D. Tenn. Sep. 29, 2011).  Under Ohio law, statutes of limitations are considered procedural in nature for the purposes of choice-of-law analysis, *Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir. 1994), and "the procedural law of the forum state, including applicable statutes of limitations, are generally applied."  *Unifund CCR Partners Assignee of Palisades Collection, LLC v. Childs*, 2010-Ohio-746, ¶ 14 (Ohio Ct. App. 2010) (quoting *Lawson v. Valve Trol. Co.*, 81 Ohio App. 3d 1, 610 N.E.2d 425, 426 (Ohio 1991)) (internal quotation marks omitted).  When Ohio is the forum state, Ohio's statutes of limitations are generally applied to a state-law claim even when the substantive laws of another state would provide the rules of decision for that claim.  *Schwartz v. Cincinnati Museum Ass'n*, 35 F. Appx. 128, 131 (6th Cir. 2002) (quoting *Charash v. Oberlin College*, 14 F.3d 291, 299 (6th Cir. 1994)); *Toledo Museum of Art v. Ullin*, 477 F. Supp. 2d 802, 806 (N.D. Ohio 2006) ("A federal court sitting in Ohio applies the procedural law of the forum state including the forum's statute of limitations even if the case requires application of another state's substantive law." (citing *Charash*, 14 F.3d at 299)).

19

"But Ohio has a borrowing statute, which is a legislative exception to the general rule that a forum state always applies its own statute-of-limitations law." *Taylor v. First Resolution Inv. Corp.*, 2016-Ohio-3444, 148 Ohio St. 3d 627, 72 N.E.3d 573, 585 (Ohio 2016) (citing *Combs v. Int'l. Ins. Co.*, 354 F.3d 568, 578 (6th Cir. 2004)).  Ohio's so-called "borrowing statute" provides that:

> No tort action . . . that is based upon a cause of action that accrued in any other state . . . may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state . . . has expired or the period of limitation that applies to that action under the laws of this state has expired.

Ohio Rev. Code § 2305.03(B).  "In other words, at least as to statutes of limitations, the rule in Ohio is that, if another state's substantive law applies to the underlying claim, then Ohio courts must use the shorter limitations period, as between Ohio's and that of the other state." *Jones v. Lubrizol Advanced Materials*, 559 F. Supp. 3d 569, 603 (N.D. Ohio 2021) (quoting *Rose v. Bersa*, No. 1:17-cv-252, 2020 U.S. Dist. LEXIS 157715, at *30–31 (S.D. Ohio Aug. 31, 2020)) (internal quotation marks omitted).

This action was initiated in a district court sitting in the state of Ohio and the Court has subject matter jurisdiction over this case pursuant to its federal question jurisdiction under 28 U.S.C. § 1331.  The Court is exercising supplemental jurisdiction over Plaintiff's state-law claims. Accordingly, the Court will apply the applicable Ohio statute of limitations to each state-law claim unless an applicable exception applies.

### 1.    *Count One – Defamation*

The amended complaint essentially sets forth three separate claims for defamation under Count One.  Plaintiff alleges that the defendants published defamatory statements through the Video, the Letter, and the Private Forum Posts.  (*See* ECF No. 48, PageID #301–04).  Although these publications are related, they represent three separate, actionable claims.  Because there is

20

no applicable exception for these defamation claims, the Ohio statute of limitations controls under Ohio's choice-of-law rules.

Under Ohio law, defamation claims are subject to a one-year statute of limitations. *See* Ohio Rev. Code § 2305.11(A); *Friedler v. Equitable Life Assurance Soc'y of the United States*, 86 F. App'x 50, 53 (6th Cir. 2003). For defamation claims, "[t]he statute of limitations begins to run when the allegedly defamatory words are first spoken or published regardless of the aggrieved party's knowledge of them." *Friedler*, 86 F. App'x at 53 (quoting *Sabouri v. Ohio Dep't of Job & Family Servs.*, 145 Ohio App. 3d 651, 763 N.E.2d 1238, 1240–41 (Ohio App. 10 Dist. 2001)) (internal quotation marks omitted); *see also Ziegler v. Findlay Indus.*, 380 F. Supp. 2d 909, 912 (N.D. Ohio 2005) ("In Ohio, defamation claims must be brought within one year after the defamatory words are first spoken or published, regardless of when the plaintiff learns of them."). Notably, Ohio courts have consistently refused to adopt or apply a continuing publication rule for defamation claims. *Krowiak v. BWXT Nuclear Operations Grp., Inc.*, No. 1:18 CV 629, 2018 U.S. Dist. LEXIS 184027, at *17–18 (N.D. Ohio Oct. 25, 2018) (collecting cases); *Spitzer v. Knapp*, 2019- Ohio-2701, 2019 Ohio App. LEXIS 2811 at *15–16 (Ohio Ct. App. July 1, 2019) (collecting cases); *see also Gentile v. City of Solon*, No. 1:12-CV-1657, 2013 U.S. Dist. LEXIS 3408, at *7–8 (N.D. Ohio Jan. 9, 2013) ("In fact, Ohio courts have consistently refused to apply any proposed continuing defamation rule, instead opting to apply the "first publication" rule.").

Plaintiff asserts three separate claims for defamation. The Court will address each specific claim in turn.

a. The Video

For the Video, the amended complaint alleges that it was first published on YouTube on January 23, 2021. (*Id.* at PageID #290). As an exhibit to the amended complaint, Plaintiff

provided a screenshot of the Video which lists January 23, 2021 as the upload date.  (*See* ECF No. 48-3).  Viewing the Video online through the link provided by Plaintiff, the upload date is provided as January 23, 2021.  *See* Jon Heavey, *Fueled By Freedom: Two If By Sea*, YouTube (Jan. 23, 2021), https://www.youtube.com/watch?v=bkXh5QpnW6w (last visited July 13, 2024).  Thus, Plaintiff's defamation claim for the Video accrued on January 23, 2021, and Plaintiff was required to file a complaint by Monday, January 24, 2022.  Because the initial complaint was filed on January 22, 2023, this specific claim is time-barred.

> b.    The Letter

The amended complaint does not provide any allegations as to when the Letter was published on Minuteman's corporate website.  The relevant pleadings generally assert that Plaintiff sent a letter to Defendants demanding retraction of the Video, the defendants refused, and then the defendants published the Letter on Minuteman's website.  (ECF No. 48, PageID #300–01).  The Letter itself provides no date or any other indication as to when it was first published.  (*See* ECF No. 48-4).

The Minuteman Defendants argue that Plaintiff's claim as to the Letter is time-barred because: (i) Plaintiff sent the demand letter to the defendants on January 25, 2021, (ECF No. 70, PageID #606 (citing ECF No. 67-1)); (ii) for the claim to avoid being time-barred, Heavey would have had to post the Letter more than a year after receiving the demand letter, (*id.*), and (iii) there is no plausible allegation that Heavey would have waited a year to post a reply to the demand letter (in this instance, the Letter), (*id.* at PageID #606–07).

At this stage of the proceeding, the Court cannot specifically determine when the Letter was first published.  The statute of limitations is an affirmative defense for which the defendants bear the burden of proof.  *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012).  Dismissal at the

pleading stage is only appropriate if "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Taking into account the allegations in the amended complaint and the exhibit demand letter, the Letter would have been published at some point after January 25, 2021. The Minuteman Defendants have not pointed to any allegations or provided any evidence as to the specific date of publication. Instead, they ask the Court to speculate and infer that the Letter must have been published sometime between January 25, 2021 and January 22, 2022, which would mean that this claim was barred by the one-year statute of limitations. The Court finds that it is premature to rule on the timeliness of this claim at this stage of the proceeding because the Minuteman Defendants have failed to meet their burden of establishing the date of accrual under the applicable statute of limitations. For this claim, the issue of timeliness may be raised after further discovery in a motion for summary judgment. Accordingly, the request to dismiss this claim is **DENIED WITHOUT PREJUDICE**.

c.      The Private Forum Posts

Similar to the Letter, the amended complaint does not provide any specific date of publication for the Private Forum Posts. Instead, it alleges that: (i) the posts were concealed and undiscovered due to the private nature of Minuteman's website forum; and (ii) "[t]he date the Private Forum Posts became public is unknown but discovered [by Plaintiff] on April 28, 2023." (ECF No. 48, PageID #284–85, 297). Reviewing the Private Forum Posts, they consist of two separate entries that appear to have been posted by Heavey on January 26, 2021 and March 9, 2021, respectively. (ECF No. 48-1, PageID #317–18).

The Court finds that a determination of timeliness for this claim is premature at this stage of the proceeding. First, a claim for defamation under both Ohio and Florida law does not accrue, and is unactionable, until the defamatory statement is published to a third party. *See Hester v.*

*Case W. Reserve Univ.*, 2019-Ohio-1991, ¶ 11 (Ohio Ct. App. 2019); *Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-20495-CIV, 2011 U.S. Dist. LEXIS 159467, at *7 (S.D. Fla. June 24, 2011) (citing *Wagner, Nugent, Johnson, Roth, Romano, Erickson & Kupfer, P.A. v. Flanangan*, 629 So. 2d 113, 114–15 (Fla. 1993)).  Construing the pleadings in a light most favorable to Plaintiff, the amended complaint alleges that the Private Forum Posts were initially private (meaning they were likely viewable only by the defendants) and then subsequently made public (with the private posts now viewable by members of the public) at some point before Plaintiff discovered them on April 28, 2023.  Taking these allegations as true, this would mean that there was no accrual of the claim until the Private Forum Posts were made public so that they were viewed by third parties and not just the defendants themselves (*i.e.*, "published" for purposes of defamation).  The Minuteman Defendants did not provide any affidavits to refute Plaintiff's claim that the Private Forum Posts were once private, nor is there any evidence before the Court to establish when the posts were allegedly made available to the public.

Second, the Minuteman Defendants argue that Plaintiff has failed to provide factual allegations to plausibly establish that the Private Forum Posts were "private" or "concealed."  (ECF No. 70, PageID #608–09; ECF No. 80, PageID #731).  The Court finds that the allegations that Minuteman's website had a chat forum that was once private and allowed messages to be posted internally before being made public is not far-fetched or implausible.  The Minuteman Defendants are free to dispute these allegations using evidence from discovery in a later motion for summary judgment.

Finally, the Ohio Supreme Court has noted that there is a conflict among lower Ohio courts on the issue of whether the discovery rule should apply to defamation claims when "the publication of the defamatory statements was secretive, concealed, or otherwise unknowable such that the

cause of action does not accrue until the plaintiff discovers, . . ." *Weidman v. Hildebrant*, 2022-Ohio-3636, 168 Ohio St. 3d 1413, 1413-14, 196 N.E.3d 844 (Ohio 2022) (collecting cases).  As such, the Ohio Supreme Court has taken up this issue for consideration and it remains pending before them at this time.  *See id.*; *Weidman v. Hildebrant*, Case No. 2022-0837, https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2022/0837 (last visited July 23, 2024).  The pendency of this issue further bolsters the Court's conclusion that the issue of timeliness for this claim is premature.  Accordingly, the request to dismiss this claim is **DENIED WITHOUT PREJUDICE**.

>            2.    *Count Two – Civil Claim for Criminal Act under Ohio Rev. Code § 2307.60*

Under Count Two, Plaintiff asserts a claim for civil damages caused by criminal acts pursuant to Ohio Rev. Code § 2307.60.  (ECF No. 48, PageID #304).  Plaintiff alleges that Defendants violated Ohio Rev. Code § 2917.21, a statute criminalizing telecommunications harassment, by intentionally making telecommunications (the Video, the Letter, and the Private Forum Posts) with the intent of harassing, intimidating, and abusing Plaintiff.  (*Id.*).

The Minuteman Defendants argue that Count Two is time-barred by the one-year statute of limitations for defamation because this harassment claim is based on the posting of allegedly defamatory materials.  (ECF No. 70, PageID #612).  Plaintiff responds that his telecommunications harassment claim under Count Two was brought under Ohio Rev. Code § 2307.60, a remedial statute, and it is therefore subject to a six-year statute of limitations.  (ECF No. 78, PageID #704 (citing *Harris v. Cunix*, 2022-Ohio-839, ¶ 13–21, 187 N.E.3d 582 (Ohio Ct. App. 2022)).

Ohio Rev. Code § 2917.21 is a criminal statute which provides that: "No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass

another person."  Ohio Rev. Code § 2917.21(B)(1).  Ohio Rev. Code § 2307.60 creates a civil

cause of action for damages resulting from a criminal act.  The statute specifically provides that:

> Anyone injured in person or property by a criminal act has, and may recover full
> damages in, a civil action unless specifically excepted by law, may recover the costs
> of maintaining the civil action and attorney's fees if authorized by any provision of
> the Rules of Civil Procedure or another section of the Revised Code or under the
> common law of this state, and may recover punitive or exemplary damages if
> authorized by section 2315.21 or another section of the Revised Code.

Ohio Rev. Code § 2307.60(A)(1).

Because Plaintiff brought Count Two pursuant to Ohio Rev. Code § 2307.60, the Court

must determine what statute of limitations applies to claims under § 2307.60.  Notably, Ohio Rev.

Code § 2307.60 does not provide an express statutory limitation period within the statute and the

Ohio Supreme Court has not specifically addressed what statute of limitations applies to claims

under § 2307.60.  Looking to Ohio's general limitations statutes, there are two which might apply,

depending on whether § 2307.60 is considered remedial or penal in nature: Ohio Rev. Code.

§ 2305.07 and § 2305.11(A).  Ohio Rev. Code § 2305.07 provides, in relevant part, that "[a]n

action upon a liability created by statute other than a forfeiture or penalty shall be brought within

*six years* after the cause of action accrued."  Ohio Rev. Code § 2305.07(B) (emphasis added).

Ohio Rev. Code § 2305.11(A) provides that "an action upon a statute for a penalty or forfeiture

shall be commenced within *one year* after the cause of action accrued."  Ohio Rev. Code

§ 2305.11(A) (emphasis added).

"When there is no state law construing a state statute, a federal court must predict how the

state's highest court would interpret the statute."  *United States v. Simpson*, 520 F.3d 531, 535 (6th

Cir. 2008); *see Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001).

In such circumstances, the state's appellate court decisions are the best authority.  *Id.* at 536.

Before 2020, Ohio appellate courts—as well as Ohio federal district courts—consistently held that

26

§ 2307.60 was penal in nature and was therefore governed by the one-year statute of limitations under 2305.11(A).  *See Garner v. Cleveland Clinic Found.*, No. 1:23-cv-2258, 2024 U.S. Dist. LEXIS 96724, at *38 (N.D. Ohio May 29, 2024) (collecting cases); *Brack v. Budish*, 539 F. Supp. 3d 794, 800 (N.D. Ohio 2021) ("Both the Northern District of Ohio and Southern District of Ohio apply a one-year statute of limitations to claims under Section 2307.60.") (collecting cases). However, in the intervening time, several decisions have challenged this uniformity and the conclusion that § 2307.60 is subject to a one-year statute of limitations.

In *Brack v. Budish*, the Northern District of Ohio court questioned whether § 2307.60 should be considered penal in nature based on the wording of the statute and considering relevant Ohio Supreme Court authority, providing the following analysis:

> Plaintiff's arguments have considerable force, however, and on a blank slate might well carry the day. On its face, Section 2307.60(A)(1) creates a cause of action for the victim of a crime to "recover full damages," suggesting the statute is not penal. To be sure, some parts of the statute allow for recovery of amounts that are penal in nature, such as punitive damages or attorneys' fees.  But it is difficult to see why such language, subsidiary to the statute's authorization of a civil action to recover damages, would make it penal in nature as a whole.

> In this regard, *Rosette* [*v. Countrywide Home Loans, Inc.*, 105 Ohio St. 3d 296, 2005-Ohio-1736, 825 N.E.2d 599 (Ohio 2005),] may provide a rough analogy by virtue of its reliance on the statutory text and relying on the word "damages" in the statute.  Even if *Rosette* does not remain good law or, as Mr. Leiken argues, is limited to its facts and has no application here, the substantive force of Section 2307.60 suggests a different limitations period should apply.  In *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 12, the Ohio Supreme Court held that Section 2307.60 creates "a civil cause of action for damages."  That holding does not sound like characterizing the statute as penal in nature.  Rather, the statute provides crime victims with a civil recovery when they experience an injury to person or property.

> That statutory aim also suggests a longer limitations period.  Actions for injuries to person or property generally, though not always, have longer limitations periods. Personal injury claims, for example, have a two-year limitations period.  Ohio Rev. Code § 2305.10(A). And the general statute of limitations for felonies is six years. *Id.* § 2901.13(A)(1)(a).

27

*Brack*, 539 F. Supp. 3d at 800–01.  Despite its concerns, the *Brack* court predicted that the Ohio Supreme Court would determine that a one-year statute of limitations applies to claims under § 2307.60 because every lower Ohio court and federal court addressing the issue had continually applied a one-year statute of limitations.  *Id.* at 801.

While the *Brack* court was correct that the one-year statute of limitations had been consistently applied for claims under § 2307.60, an Ohio appellate court in 2020 held that an analogous statute (§ 2307.70) was not subject to a one-year statute of limitations because it was remedial in nature.  *See Brothers v. Nixon*, 2020-Ohio-4035, 157 N.E.3d 164, 170–71 (Ohio Ct. App. 2020).   Ohio Rev. Code § 2307.70 sets forth a civil cause of action for damages for any person who suffers an injury or loss due to vandalism, desecration, or ethnic intimidation; like § 2307.60, the victim may recover compensatory and punitive damages, as well as attorney's fees.  *See* Ohio Rev. Code §§ 2307.60, 2307.70.  The court noted that prior appellate decisions had found § 2307.60 to be penal in nature because the statute contemplated punitive damages, but it rejected that reasoning and found that § 2307.70's overall purpose, despite the inclusion of punitive damages, was to compensate victims.  *See Brothers*, 157 N.E. 3d at 170–71.

In 2022, the Ohio Court of Appeals held that § 2307.60 is remedial in nature and subject to a six-year statute of limitations, relying in part on the analysis of the *Brack* court.  *See Harris*, 187 N.E.3d at 590–93.  The *Harris* court recognized that Ohio and federal courts had consistently applied a one-year statute of limitations to § 2307.60, but the court found that "the analysis (or lack of analysis) employed by the courts in construing R.C. 2307.60(A)(1) and similar statutes convinces us that R.C. 2307.60(A)(1) is remedial, not penal."  *Id.* at 591.  The *Harris* court stated that the primary case used by subsequent courts to support the proposition that § 2307.60 is penal in nature was *Steinbrick v. Cleveland Elec. Illuminating Co.*, No. 66035, 1994 Ohio App. LEXIS

3756 (Ohio Ct. App. Aug. 25, 1994).  It noted that those later courts merely followed the holding

in *Steinbrick* without providing any additional analysis.  *Harris*, 187 N.E.3d at 591–92.  The *Harris*

court criticized the holding and reasoning in *Steinbrick*, stating:

> [It] provides no analysis beyond the cursory finding that because the statute allows
> a plaintiff to recover punitive or exemplary damages, the statute "contemplates a
> penalty" and is thus subject to the one-year statute of limitations in R.C.
> 2305.11(A).  *Steinbrick* did not consider the significance of the General Assembly's
> use of the term "damages" rather than "forfeiture" or "penalty," or whether the
> primary purpose of the statute is to provide a remedy to a crime victim or to punish
> the offender.  Further, *Steinbrick* does not provide any rationale for its conclusion
> that the provision allowing recovery of punitive damages ipso facto renders the
> statute penal in nature."

*Id.*

Applying the reasoning set forth in Ohio Supreme Court cases, as well as *Brothers* and

*Brack*, the *Harris* court found that § 2307.60 was remedial in nature, explaining that:

> The General Assembly's use of the term "damages" rather than "forfeiture" or
> "penalty" signals that the primary purpose of the statute is to provide a remedy to a
> crime victim rather than to punish the offender.  Any state action against the
> offender presumably would be taken pursuant to criminal statutes designed to
> punish the offender, rather than under R.C. 2307.60, which provides the basis for
> compensating victims.  Further, that the statute provides for recovery of punitive
> damages does not definitively render the statute penal in nature, as the overall
> purpose of the statute is to compensate the victim.

*Harris*, 187 N.E. 3d at 593.  In 2024, a district court in the Northern District of Ohio—relying

heavily on the reasoning set forth in *Harris*—found that § 2307.60 was remedial in nature because:

(i) the statute's use of the term damages was indicative of remedial intent; (ii) the inclusion of

punitive damages does not render a statute penal in nature under Ohio Supreme Court precedent;

and (iii) the statute's intent "focuses on relief for an individual damaged by the criminal acts of

another" instead of correcting public wrongs.  *See Garner*, 2024 U.S. Dist. LEXIS 96724, at

*41–44.  The district court noted that "the overwhelming majority of courts that have considered

this issue have held it was penal[,]" but justified its departure from this authority because most of

29

those cases had engaged in minimal analysis and, before the *Harris* decision, they lacked any authority holding the statute to be remedial.  *Id.* at 42–43.

The Court is persuaded by and adopts the arguments and reasoning set forth in *Brothers*, *Harris*, and *Garner*.  The Court finds that the language of Ohio Rev. Code § 2307.60 reflects an intent to compensate individual victims through damages and demonstrates the remedial nature of the statute.  Moreover, under Ohio Supreme Court precedent, the mere inclusion of punitive damages does not render a statute penal in nature.  *See Rice v. CertainTeed Corp.*, 1999-Ohio-361, 84 Ohio St. 3d 417, 704 N.E.2d 1217, 1220 (Ohio 1999) ("[The defendant] is mistaken in its claim that the availability of punitive damages will render the statute penal in nature . . .  A law is not penal merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to damages suffered by him." (quoting *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St. 3d 281, 638 N.E.2d 991, 997 (1994)) (cleaned up)).  Thus, the Court predicts that the Ohio Supreme Court would determine that § 2307.60 is remedial in nature and a six-year statute of limitations would therefore apply to all claims under the statute.

Accordingly, Count Two is subject to a six-year statute of limitations and is not time-barred.  The request to dismiss Count Two based on the statute of limitations is **DENIED**.

> 3.      *Count Three – Unfair Trade Practices in violation of the Lanham Act*

Noting that the doctrine of laches governs the timeliness of claims under the Lanham Act, the Minuteman Defendants argue that Count Three is time-barred because Plaintiff's Lanham Act claim is substantively a libel claim and is therefore barred by the corresponding one-year statute of limitations.  (ECF No. 70, PageID #623–24).  Plaintiff responds that the dismissal of an action

based on laches is improper at this stage of the proceeding because the doctrine of laches is "inherently fact specific."  (ECF No. 78, PageID #705).

"'The Lanham Act does not contain a statute of limitations,' so determining whether a Lanham Act claim is time-barred depends upon the defendant's ability to show that the claim is barred by laches."  *Kehoe Component Sales Inc. v. Best Lighting Prods.*, 796 F.3d 576, 584 (6th Cir. 2015) (quoting *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir. 1985)). "Laches" is defined as the "negligent and unintentional failure to protect one's rights."  *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir. 2002).  To succeed on the laches defense, a party must demonstrate: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it."  *Id.*

The Court finds that dismissal of Count Three based on the doctrine of laches is inappropriate at this time for two reasons.  First, the claim does not appear to be untimely.  The starting point of the laches analysis is the analogous statute of limitations of the forum state.  *Id.* at 408.  If the lawsuit was filed before the analogous statute of limitations lapsed, there is a strong presumption that the delay in filing was reasonable; by contrast, when the lawsuit was filed after the statute of limitations has lapsed, there is a strong presumption that the delay in filing was prejudicial and unreasonable.  *Id.*; *see also Kehoe*, 796 F.3d at 584–85.  "In Ohio, Lanham Act claims are analogous to claims for bodily injury or damage to personal property under Ohio Rev. Code § 2305.10, which supplies a two-year statute of limitations."  *Leonard Truck & Trailer Inc. v. Leonard Bldgs. & Truck Access.*, No. 4:21-cv-2362, 2022 U.S. Dist. LEXIS 125163, at *9 (N.D. Ohio July 14, 2022) (citing *Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 790 (S.D. Ohio 2003); *Kehoe*, 796 F.3d at 585; and *Campfield v. Safelite Grp.*, Inc., No. 2:15-cv-2733, 2021 U.S. Dist. LEXIS 62070, 2021 WL 1215869, at *5 (S.D. Ohio Mar. 31, 2021)).  The laches period for

31

Lanham Act claims begins to run when the plaintiff has actual or constructive knowledge of the defendant's infringing conduct. *Nartron*, 305 F.3d at 408. Even when using the Video's publication date as the onset of the laches period (January 23, 2021), the filing of the initial complaint (January 22, 2023) is presumptively reasonable using the analogous two-year statute of limitations.

Second, there are concerns about barring this claim under the doctrines of laches at this stage of the proceeding, regardless of any presumption of reasonableness. Courts in this circuit have been reticent to apply the doctrine of laches at the pleading stage because it involves a fact-intensive inquiry. *See Williams v. Bobo*, No. 2:22-cv-3561, 2023 U.S. Dist. LEXIS 128798, at *13-14 (S.D. Ohio July 25, 2023) ("Because the application of the laches doctrine is fact-based, it is often inappropriate to address the issue on a Rule 12 motion."); *Leonard Truck*, 2022 U.S. Dist. LEXIS 125163, at *9 ("[A] motion to dismiss, which considers only the allegations in the complaint, is usually an inappropriate vehicle for testing an affirmative defense." (collecting cases)). Accordingly, the request to dismiss Count Three as time-barred under the doctrine of laches is **DENIED WITHOUT PREJUDICE**.

> 4.   *Counts Four and Five – Tortious Interference with Business Relationships & Intentional Infliction of Emotional Distress*

The Minuteman Defendants argue that Plaintiff's claims for tortious interference with business relations (Count Four) and intentional infliction of emotional distress (Count Five) are subject to a one-year statute of limitations because those claims rest entirely on the defamation claims under Count One—making them *de facto* claims for defamation—and they are therefore subject to the same statute of limitations for defamation under Ohio law. (ECF No. 70, PageID #609–12).

Under Ohio law, a claim for tortious interference with business relations is generally subject to a four-year statute of limitations pursuant to Ohio Rev. Code § 2305.09(D).  *Morrow v. Reminger & Reminger Co. LPA*, 2009-Ohio-2665, 183 Ohio App. 3d 40, 915 N.E.2d 696, 712 (Ohio Ct. Appl. 2009); *Grw Indus. v. GMC*, No. 98-5402, 1999 U.S. App. LEXIS 14005, at *20 (6th Cir. June 17, 1999).  An Ohio claim for intentional infliction of emotional distress is also generally subject to the same four-year statute of limitations under § 2305.09(D).  *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1013 (6th Cir. 2024) (citing *Yeager v. Loc. Union 20*, 6 Ohio St. 3d 369, 6 Ohio B. 421, 453 N.E.2d 666, 672 (Ohio 1983)).  However, when the acts and the nature of the demand underlying either one of these claims support another tort (*e.g.*, defamation), the statute of limitations for the underlying tort governs the claims for intentional infliction of emotional distress and tortious interference with business relations.  *See Stafford v. Clever Investigations, Inc.*, 2007-Ohio-5086, ¶ 8 (Ohio Ct. App. 2007) (citing *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 536, 1994 Ohio 531, 629 N.E.2d 402 (Ohio 1994)) (addressing intentional infliction of emotional distress); *Smith v. Nat'l W. Life*, 2017-Ohio-4184, 92 N.E.3d 169, 173 (Ohio Ct. App. 2017) (addressing tortious interference with business relations).  The Ohio Court of Appeals has specifically noted that "[c]ourts have overwhelmingly found that if a defamation claim fails on the statute of limitations, so too must a tortious interference claim based on the same conduct as the defamation claim."  *Smith*, 92 N.E.3d at 173 (collecting cases).

The Court will not conduct analyses as to whether the four-year or one-year statute of limitations applies to the claims under Counts Four and Five at this time because the claims will survive the requests for dismissal regardless.  On one hand, if the claims for tortious interference with business relations and intentional infliction of emotional distress are subject to a four-year statute of limitations, they would not be time-barred.  On the other, as discussed above, some of

the claims for defamation under Count One cannot be dismissed based on the statute of limitations at this stage of the proceeding because the date of accrual cannot be assessed without further discovery.  Thus, even if the claims under Counts Four and Five are subject to a one-year statute of limitations because they share the same essential character as the claims for defamation under Count One, they cannot be dismissed at this time.  Accordingly, the request to dismiss Counts Four and Five as time-barred are **DENIED WITHOUT PREJUDICE**.

       5.     *Count Six – Civil Harassment*

The Minuteman Defendants argue that all claims for harassment in the amended complaint, including Count Six, should be treated as claims for defamation and subject to the applicable one-year statute of limitations.  (*See* ECF No. 70, PageID #612–13, 620).

The Ohio Supreme Court has held that claims of humiliation, loss of reputation, and harassment, which constitute allegations of "personal injury," are subject to a two-year statute of limitations under Ohio Rev. Code § 2305.10.  Defendants have provided no authority that Ohio courts apply a separate statute of limitations to claims of harassment in circumstances where the claims are consistent with another underlying tort like defamation.  Moreover, as discussed above, because some of the defamation claims under Count One cannot be dismissed at this time, the Court could not dismiss the instant claim for harassment on those grounds at this time.  Accordingly, the request to dismiss Count Six as time-barred is **DENIED WITHOUT PREJUDICE**.

       6.     *Count Seven – Civil Claim for Criminal Act under Fla. Stat. § 772.103*

Under Count Seven, Plaintiff asserts a violation of Florida's Civil Remedies for Criminal Practices Act ("Florida RICO Act"), Fla. Stat. § 772.101 *et. seq.*, specifically Fla Stat. § 772.103. (ECF No. 48, PageID #309–10).  "The Florida RICO statute, Fla. Stat. § 772.103, states that it is

unlawful for a person (1) to use or invest proceeds received through a pattern of criminal activity to establish or operate an enterprise, (2) to acquire or maintain an interest in or control of an enterprise through a pattern of criminal activity, (3) to conduct or participate in an enterprise through a pattern of criminal activity, or (4) to conspire to do any of the above prohibited activities." *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007) (citing Fla. Stat. § 772.103). The statute of limitations for claims under the Florida RICO Act is five years. Fla. Stat. § 772.17; *see Ziccardi v. Strother*, 570 So. 2d 1319, 1321-22 (Fla. Dist. Ct. App. 1990). Civil claims under Ohio's civil RICO statute are also governed by a five-year state of limitations under Ohio Rev. Code § 2923.34. *Tri-State Comput. Exch., Inc. v. Burt*, 2003-Ohio-3197, ¶ 14 (Ct. Ohio App. 2003). Accordingly, the request to dismiss Count Seven as time-barred is **DENIED**.

### 7.     *Count Eight – Appropriation of Name/Likeness*

The Minuteman Defendants argue that a one-year statute of limitations should be applied to the claim for appropriation of name/likeness because Plaintiff does not seek royalties or licensing of his name and he "cannot invoke Florida's right-of-publicity law as a vehicle for 'censoring disagreeable portrayals' while evading traditional constraints on recovery for libel." (ECF No. 70, PageID #621–22). Plaintiff responds that the four-year statute of limitations under Fla. Stat. § 95.11 governs his claim for misappropriation of name/likeness. (ECF No. 78, PageID #706).

The claim for appropriation of name/likeness under Count Eight was brought pursuant to Fla. Stat. § 540.08. (ECF No. 48, PageID #310). Whether the Florida or Ohio statute of limitations is applied, the claim is not time-barred. Because § 540.08 does not provide its own statute of limitations, a claim under the statute is governed by the four-year statute of limitations under Florida's "catch all" provision in Fla. Stat. § 95.11(3). *Miller v. Anheuser Busch, Inc.*, 348 F.

App'x 547, 550 (11th Cir. 2009).  Ohio's right of publicity statute, Ohio Rev. Code § 2741.02, provides that "a person shall not use any aspect of an individual's persona for a commercial purpose" without authorization.  Ohio Rev. Code § 2741.02(A).  "Similarly, a defendant is subject to liability under the Ohio common-law right of publicity tort when he 'appropriates to his own use or benefit the name or likeness of another.'"  *Roe v. Amazon.com*, 714 F. App'x 565, 568 (6th Cir. 2017) (quoting *Zacchini v. Scripps-Howard Broad. Co.*, 351 N.E.2d 454, 47 Ohio St. 2d 224 ¶ 1 of syllabus (Ohio 1976)).  Under Ohio law, claims for a violation of the right to publicity, *i.e.,* appropriation of likeness, are subject to a four-year statute of limitations.  Ohio Rev. Code § 2741.07.

Accordingly, the request to dismiss Count Eight as time-barred is **DENIED**.

### C.       Plaintiff's Request to Transfer Venues

In his response brief, Plaintiff requests that this case be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a), if the Court should determine that the Ohio statutes of limitations are applicable to his claims, so that Florida statutes of limitations can be applied.[6]  (ECF No. 78, PageID #701–03).  The Minuteman Defendants oppose the request to transfer because they allege it is procedurally improper, the Northern District of Ohio is a proper venue, and transferring the case would not be in the interest of justice.  (ECF No. 80, PageID #718–30).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  A district court has broad discretion to grant or deny a § 1404(a) motion to transfer.  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).  When deciding a motion to

---

[6] Plaintiff cites 28 U.S.C. § 1406(a), which the Court recognizes to be a typographical error.

36

transfer venue, a district court should typically consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, public-interest concerns, as well as whether the transfer is in the interests of justice." *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019) (citing *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

Plaintiff makes no arguments regarding the convenience of witnesses and the parties or addressing public-interest concerns. He focuses solely on the interests of justice. Even assuming that Florida is a more convenient forum than Ohio, and that the request to transfer was procedurally proper, the Court finds that transferring the case would not be in the interest of justice. "When a case is transferred under section 1404(a), the transferee court must apply the choice of law rules that prevailed in the transferor court." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 523, 108 L. Ed. 2d 443, 110 S. Ct. 1274 (1990); *Van Dusen v. Barrack*, 376 U.S. 612, 642, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964)). Thus, because a federal court in Ohio must apply the Ohio statute of limitations under Ohio's choice-of-law rules, a federal court in Florida must do the same if this case were transferred there pursuant to § 1404(a). Plaintiff's sole argument for transfer is flawed and transfer would be futile because any time-barred claims, like the defamation claim for the Video under Count One, would remain so. Plaintiff chose this venue by filing this action in Ohio, and no party has argued that Ohio is an improper venue. Accordingly, Plaintiff's request to transfer venue is **DENIED**.

### D.    **Arguments for Dismissal on the Merits**

#### 1.    *Count Eight – Appropriation of Name/Likeness*

The Minuteman Defendants argue that Plaintiff fails to state a claim for relief under Count Eight because: (i) the Private Forum Posts were hidden and not published according to the

amended complaint; (ii) the Letter does not use Plaintiff's name or likeness; and (iii) the Video is protected political commentary, which cannot be suppressed based on incidental advertising. (ECF No. 70).  Plaintiff's response in opposition does not address the merits arguments presented as to Count Eight.  That said, the Court must still examine whether the Minuteman Defendants have met their burden before granting dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("[T]he movant must always bear this initial burden regardless if an adverse party fails to respond.").

Fla. Stat. § 540.08 provides that: "No person shall publish, print, display, or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use . . . ."  Fla. Stat. § 540.08(1).  Although the statute does not define "commercial or advertising purpose," courts interpreting the statute have held that the statute is violated when a plaintiff's name or likeness is used without authorization to "directly promote" a product or service.  *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1325 (11th Cir. 2006) (citing *Tyne v. Time Warner Entm't Co., L.P.*, 901 So. 2d 802, 808 (Fla. 2005); and *Loft v. Fuller*, 408 So. 2d 619, 622-23 (Fla. Dist. Ct. App. 1981)); *Tyne v. Time Warner Entm't Co., L.P.*, 204 F. Supp. 2d 1338 (M.D. Fla. 2002) (recognizing that Fla. Stat. § 540.08 only prohibits the use of a name or image when such use directly promotes a commercial product or service); *Fuentes v. Mega Media Holdings*, Inc., 721 F. Supp. 2d 1255, 1258 (S.D. Fla. 2010) ("To maintain a cause of action for a violation of section 540.08, a plaintiff must allege that his or her name or likeness is used to directly promote a commercial product or service[.]").

To the extent that the Minuteman Defendants contend that this claim must be dismissed because it contravenes the protections and purposes of the First Amendment, the Court finds this

argument unavailing at this stage of the proceeding.  The First Amendment provides no right to use an individual's identity without proper authorization as a vehicle for the promotion of a commercial product.  *See Gritzke v. M.R.A. Holding, LLC*, No. 4:01cv495-RH, 2002 U.S. Dist. LEXIS 28085, at *13 (N.D. Fla. Mar. 14, 2002) ("The First Amendment provides no right to make an unconsenting individual the poster-person for a commercial product, as plaintiff alleges defendant has done.").  Read in a light most favorable to Plaintiff, the amended complaint alleges that: (i) the defendants published his name and likeness on the Video without his consent for the purposes of advertising and promoting their business of collecting "case bounties"; and (ii) the Video constitutes marketing and promotional materials for Minuteman and heavily features Plaintiff's name and likeness.  (ECF No. 48, PageID #310–11).  Taken as true, these allegations are sufficient to state a cause of action for violation of Fla. Stat. § 540.08.

The Court believes that further discovery will help clarify the validity of this claim and that the issue can be properly litigated and determined after discovery.  Accordingly, the Minuteman Defendants' request to dismiss Count Eight for failure to state claim is **DENIED WITOUT PREJUDICE** to the issue being raised again in a motion for summary judgment.

### 2.    *Count Nine – Preliminary and Permanent Injunctions*

The Minuteman Defendants argue that Plaintiff cannot seek a mandatory injunction to take down the Video or bar similar publications because such an injunction would violate the First Amendment.  (ECF No. 70, PageID #624).  They contend that the injunction violates the First Amendment because "it seeks to bar speech presented to the public about matters of public concern where that speech has not been finally adjudicated to be actionable. . . . [and] the speech cannot be adjudicated to be actionable, in part due to the statute of limitations, . . ." (*Id.*).  Because the statute of limitations does not bar all of Plaintiff's claims, and the Minuteman Defendants do not otherwise

expand or elaborate their argument, the Court **DENIES WITHOUT PREJUDICE** their request to dismiss Count Nine.

## V. CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. The Individual Defendants' motion to dismiss (ECF No. 57) is **GRANTED**;

2. The claims against the Non-Resident Defendants (Defendants Altman, Williams, Gunst, Caraway, and James-Lubin) are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2);

3. The claims against the remaining Individual Defendants (Defendants Neundorfer, Hudak, Leslie, and McGinty) are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6);

4. The Minuteman Defendants' motion for judgment on the pleadings (ECF No. 69) is **GRANTED IN PART AND DENIED IN PART**;

5. Plaintiff's claim for defamation as to the Video under Count One is **DISMISSED** as time-barred;

6. The Minuteman Defendants' Motion is otherwise **DENIED** as to all other claims; and

7. Plaintiff's request to transfer venue pursuant to 28 U.S.C. § 1404(a) is **DENIED**.

**IT IS SO ORDERED.**

Date: July 24, 2024

_Charles Fleming_

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**